## CRAMER *vs.* FITZSIMMONS.

Where a default for not pleading was entered on the wrong side of a common rule book, (e. g. under the letter D. instead of C.,) the court refused to set aside the default, and the subsequent proceedings had thereon for irregularity, it not appearing that the defendant had in any way been misled or prejudiced by the mistake of the plaintiff; the plaintiff was, however, directed to pay the costs of the motion.

THIS suit was commenced by the filing and service of a declaration. The declaration was served on the *seventh* of October. On the *twenty-seventh* of the same month the defendant served on the plaintiff's attorney, *J. Cramer 2nd* pleas of the *general issue* and *usury,* which not having the signature of counsel, were treated as a nullity by the plaintiff's attorney, who on the *thirty-first* of October, served a notice of assessment for the *fifteenth* of *November.* After the service of such notice the defendant applied to counsel in Albany, to look into the regularity of the plaintiff's proceedings, who on the *tenth* of November, examined the *common rule book* under the letter C., in the clerk's office, and did *not* then find that a rule for default had been entered ; aud accordingly rested. On the *twenty-first* day of November, the counsel again examined the common rule book under the letter C., and found that on the *eleventh* of November, a rule for interlocutory judgment had been entered ; on the *fifteenth*, a rule for assessment, and on the same day another rule for final judgment, purporting to have been entered on the filing of the clerk's report of assessment ; and he also observed a reference to the letter D., in the rule book, as thus : " Oct. 31, 1834 ; see D. 2, rules ; J.Cramer 2nd, Att'y ;" and on turning to the other side of the same book, marked D.; (one side of the book being marked

[December 4.

and designated C.. and the other D.,) he found that the appearance of the defendant was entered on the 31st day of October, and that on the same day a rule for default was entered, which entries were made under the letter D. On these facts the defendant now moved that the default and all subsequent proceedings on the part of the plaintiff be set aside for *irregularity*; relying upon the irregularity alone, and not showing that he had any defence on the merits. It appeared that the rules for appearance and default were entered under the letter D., by *mistake*.

. *By the Court*, SUTHERLAND, J. The *plaintiff* was entitled to treat the plea as a nullity : and the *defendant* might have insisted upon the irregularity which occurred in the entry of the rule for default on the wrong side of the common rule book, had he been misled or prejudiced by it ; but he was not prejudiced by the mistake which had been made by the plaintiff. Had he searched the common rule book under the appropriate letter, for the *rule to plead*, and such rule had not been found, and relying upon his search he had omitted to plead, a very different case would have been presented from the one at bar. Here the time for pleading had expired on the 27th of October, and no effectual plea had been put in, and it was not until the 10th of November, that search into the regularity of the proceedings was made ; and after that, no prejudice whatever occurred to the defendant from the mistake of the plaintiff. Under these circumstances, the defendant, insisting upon a strict irregularity, having omitted to put in a proper plea, not pretending to have a defence on the merits, and not showing that he has in any way been prejudiced by the mistake of the plaintiff's attorney, is not entitled to have the motion granted, which is accordingly refused ; but as the plaintiff must amend his rules for appearance and default, he must pay the costs of this motion.