# SUPREME COURT.

THE PEOPLE *ex rel.* WILLIAM J. HADLEY agt. THE SUPERVI-
SORS OF ALBANY COUNTY.

Where *counsel are assigned by the court* to defend a prisoner on the trial of an
indictment, even against their express desire, there is no constitutional or statu-
tory provision of this state which recognizes the claim of the counsel for such
services, by which they may be charged against the *county*, and audited and paid
by the board of supervisors.

Upon the principles established by the decisions of the courts of this state, to
charge a county with a claim for services rendered or expenses incurred, there
must be some statutory authority authorizing the same to be rendered or
incurred, or directing the payment thereof, before the board of supervisors can
be compelled by mandamus to audit such claim.*

*Albany Special Term, April,* 1864.

THIS is an application for a mandamus to compel the
board of supervisors of Albany county to audit the claim
of the *relator*, for services rendered in the defence of Mary
Hartung, who was indicted for murder. It appears from
the papers, that on the 21st day of September, 1858, on
motion of Samuel G. Courtney, Esq., then district attorney
of Albany county, an order was entered at the oyer and
terminer held in and for said county, assigning the *relator*
attorney and counsel for the prisoner. The *relator* applied

---

*NOTE.—This seems to be a very proper case for calling the attention of the
legislature to the justice of passing a law to compensate counsel for such services.
Although the courts have the strict right to assign counsel to take charge of the
defence of prisoners under indictment, who are unable to employ counsel, yet the
justice, equity, or even propriety of requiring this forced service without fee or
reward, or hope of reward, is not perceived. If a young attorney just admitted
to the bar is willing to volunteer the defence of such a case, with the view of trying
his wings on a little spread eagle eloquence, why, all right, let him soar, free as air
—free certainly of any pecuniary consideration. But it is a very different matter
when, as in this case, a lawyer of many years standing at the bar, who usually
has as much business that pays as he can attend to, is forced to take charge of the
defence of a criminal, and has to go through the different courts on intricate and
novel questions arising under a change of statutes bearing on the case, and on the
final success of his efforts is left without any compensation, save the satisfaction
of having faithfully performed a duty which he would gladly have accepted a
release from originally. REP.

to the court to be excused from such service, which was denied. From that time, during a period of about three years, the *relator* conducted the defence of the prisoner through the various courts, until she was finally acquitted. The defence, while it was attended with great labor, necessarily consumed much time, and the *relator* for his services presented to the defendants his claim of $3,766, properly verified, to be audited and allowed, and the same was rejected.

LYMAN TREMAIN, *for the motion.*
S. F. HIGGINS, *district attorney, opposed.*

INGALLS, J. The claim of the *relator* is just, and should be audited and paid, if it is a legal charge against the county of Albany. A mandamus issues only where there is a clear legal right (*The People* agt. *The Supervisors of Chenango county,* 11 *N. Y. R.* 563, 574).

The Revised Statutes (*5th ed. vol.* 1, *p.* 848, § 2), provide as follows : "The board of supervisors of each county in this state shall have power at their annual meeting, or at any other meeting, 1st. To make such orders concerning the corporate property of the county as they may deem expedient. 2. To examine, *settle and allow all accounts chargeable against such county,* and to direct the raising of such sums as may be necessary to defray the same. 3. To audit the accounts of town officers and other persons, against their respective towns, and to direct the raising of such sums as may be necessary to defray the same. 4. To perform all other duties which may be enjoined on them by any law of this state." The authority to audit and allow this claim is to be found, if at all, in the second subdivision of the above section.

Is this claim *chargeable against said county*? In the case of *The People* agt. *The Supervisors of Fulton county* (14 *Barb. Rep.* 56), ALLEN, J., says: "If services are ren-

dered which are not provided for *by the statute, however meritorious*, they are gratuitous, and the party is not entitled to compensation." (*The People* agt. *The Supervisors of New York*, 1 *Hill*, 362; *The People* agt. *Lawrence*, 6 *Hill*, 244.) In the last case, Bronson, J., says : " They " (speaking of the board of supervisors) " have only such powers as have been conferred upon them by the legislature, and there is no statute which gives any color for saying that they could indemnify the *relator* against the expenses of his defence. And whatever appearance of justice there may be in charging the expenses of the accused upon the county, it is enough for us to say that this consideration addresses itself exclusively to the legislature " (*The People* agt. *Van Wyck*, 6 *Cowen*, 260).

I have not been able to find any statute of this state, which under the most liberal construction, directs or even authorizes the court to assign counsel to defend prisoners, or that provides any compensation, or prescribes any mode of payment for such service. It was insisted upon the argument that such authority was to be found in the constitution of this state. The seventh article and seventh section of the constitution provides as follows : " And in every trial on impeachment or indictment, the party accused *shall be allowed counsel as in civil actions*." The obvious construction of this provision is, that a prisoner may have the assistance of counsel in conducting a defence, not that the court shall provide such counsel at the expense of the county. Courts have uniformly assigned counsel to defend prisoners who had not the ability to procure counsel, and the members of the legal profession have rendered the service without the expectation of pecuniary reward from any source, at least not from the county. So uniform has been this practice, that I have been unable to find a case in the reports of this state where such a claim has been asserted. This consideration, however, while it indicates pretty clearly what has been the understanding of the

courts and the legal profession in this state upon the subject, should not prevent the recognition and enforcement of such a claim, if it is a legal charge against the county. It may be well to examine some of the cases where claims have been enforced by mandamus, with a view of ascertaining upon what principle the courts have proceeded. *In the matter of Bright* agt. *The Supervisors of Chenango county* (18 *John. Rep.* 242), which was an application for a mandamus to compel the supervisors to audit the claim of the *relator* as clerk of the county of Chenango, for certain books procured by him in which to record deeds, mortgages, and other proceedings, the court held that although the statute did not prescribe the manner the clerk was to be compensated, yet as the expenditure was authorized by statute, the right to compensation would be implied, *and the purchase being for the express benefit of the county,* it was chargeable. The court gave controlling effect to the fact *that the purchase was authorized by the statute, and the same was for the express benefit of the county.* In the case *The People ex rel. Hilton* agt. *The Supervisors of Albany county* (12 *Wend. Rep.* 257), the application was for a mandamus to compel the supervisors to audit a claim of the *relator* for attendance at the clerk's office to witness the drawing of juries for the common pleas and mayor's courts. The court directed that the writ issue, basing its decision upon the fact *that the statute expressly directed the service.* (*Mallory* agt. *The Supervisors of Courtland county,* 2 *Cowen,* 531, 533 ; *Doubleday* agt. *The Supervisors of Broome county,* 2 *Cowen,* 533, 534.) The principle seems to be established by the decisions of the courts of this state, that to charge a county with a claim for services rendered or expenses incurred, there must be some statutory authority authorizing the same to be rendered or incurred, or directing the payment thereof, before the board of supervisors can be compelled by mandamus to audit such claim. The counsel for the *relator* has cited a case decided by the

supreme court of Iowa, *Hull* agt. *Washington county* (2 *Green's Rep.* 473). In that case counsel was assigned to defend a prisoner who was unable to procure counsel, and the court held the claim for such service a legal charge against the county, under a provision of the Revised Statutes of that state, which is as follows : " *The court shall assign counsel to defend the prisoner, in case he cannot procure counsel himself.*" WILLIAMS, J., says : " In this case the right of action in the plaintiff does not arise from an express contract, but it is necessarily given by the statute—the statute authorizes the appointment of counsel in defence of a pauper, when accused of crime—in view of the right of that counsel to compensation for the service rendered *in obedience to that law*, as an incident, necessarily attaches a liability for the services to the county, which is properly chargeable with the maintenance of the proceeding." The principle decided in that case is in harmony with the decision of the courts of this state, and carries the doctrine no further. The case of *Webb* agt. *Baird* (6 *Indiana*, 14), was decided by a majority of the court, DAVISON, J., dissenting. From that case it appears that the constitution of that state provides as follows : " That no man's particular services shall be demanded without just compensation." The court by assigning counsel demanded his particular services, and the same were rendered with reference to that provision of the constitution, and under an expectation of reward, and the court held that the county was liable. I have looked in vain for any constitutional or statutory provision, or decision of the courts of this state, recognizing any such claim, or, from which the right to such compensation can be inferred. I confess I am unable to discover upon what equity the demand of such service of the profession without compensation, is based. In this case the rule operates with peculiar severity, as the *relator*, acting in obedience to the order of the court, and that too after applying to be excused from such

service, devoted much of his time during a period of about three years to the successful defence of the prisoner. I have devoted considerable time to the examination of this matter, to discover some authority, if any existed, which would justify the granting of this motion, but am forced to the conclusion that the application should be to the legislature, and not to the court, which is, in my judgment, powerless to afford the *relator* the relief which he requires. The motion must be denied, but without costs, and without prejudice to any other motion or proceeding which the *relator* may desire to institute.