■     In the Matter of VICTOR LOWNES, III, Appellant, v. FAMILY COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK, et al., Respondents.— Order, entered October 21, 1964, dismissing petition for a judgment in the nature of prohibition pursuant to article 78 of CPLR, on motion addressed to the legal sufficiency of the petition under CPLR 7804(f), unanimously affirmed, with $50 costs and disbursements to respondents. Accepting the facts alleged on the face of the petition as true, Special Term properly reasoned and determined that there was insufficient to support an exercise of discretion in favor of granting the extraordinary remedy. Initially, petitioner had an adequate remedy to contest the separable issues of jurisdiction over the subject matter and over his person dependent upon the single fact of residence in the county and State, pursuant to CPLR 3211(a)(2) and (8) (cf. CPLR 308, subd. 3; 320, subd. [b]. On the applicability of CPLR, see CPLR 101; Family Ct. Act, § 168; *Matter of Schwartz* v. *Schwartz,* 23 A D 2d 204). Even now, he has the adequate remedy of moving to open his default in the Family Court proceedings. Such a motion would be entitled to substantial consideration. If petitioner is correct on the fact of residence, there was never jurisdiction over the subject matter, and the issue of personal jurisdiction, at least for the practical purposes of this case, would be merged into the larger and more fundamental question of subject-matter jurisdiction. Should the issue of residence be determined against him, petitioner would also have a significant remedy by way of appeal. Concur — Breitel, J. P., Valente, McNally, Stevens and Steuer, JJ.

■     BETTYANN MELTZER, Appellant, v. CHARLES MELTZER, Respondent.— Order, entered May 28, 1964, denying plaintiff wife's motion to punish for contempt for failure to make support payments and for the entry of judgment for the arrears of alimony, granting in part defendant husband's motion to confirm the Referee's report, and denying the wife's motion to disaffirm the report, unanimously modified on the law, on the facts, and in the exercise of discretion by disaffirming the Referee's report, by deleting the provision conditionally reducing support payments from $60 to $15 per week and the provision denying plaintiff's application for counsel fees on this proceeding, by reinstating the second ordering paragraph of the judgment of separation of May 31, 1962 directing defendant to pay plaintiff $60 per week, and by granting plaintiff a $250 counsel's fee on this proceeding, with $30 costs and disbursements on this appeal to plaintiff-appellant against defendant-respondent. Defendant has failed to demonstrate that his circumstances are materially worse than they were at the time of entry of the separation judgment, from which he never appealed. In the absence of a satisfactory showing of a change in his ability to comply with an award for support, the amount previously awarded should not be modified (*Matzke* v. *Matzke,* 185 App. Div. 533, 537–538). Settle order on notice. Concur — Botein, P. J., Breitel, Stevens, Eager and Staley, JJ.