Arnold L. Fein, J.
This is a special proceeding for a judgment prohibiting respondent from holding a hearing, on the ground that it would be exceeding its jurisdiction (CPLR 7803, subd. 2). Respondent contends that the question of jurisdiction is properly to be raised before the hearing officer, and that the extraordinary relief of prohibition should be denied because (1) petitioner will not be damaged by the mere holding of a hearing; (2) petitioner misinterprets the subject matter of the hearing; and (3) petitioner may obtain adequate relief by appeal from any unfavorable decision.
Petitioner, an international air carrier, wholly owned by the Republic of ¡South Africa, is authorized by permit of the Civil Aeronautics Board (CAB) to carry passengers and mail between South Africa, Rio de Janeiro (Brazil), and New York. The permit, dated October 2, 1968, was effectuated on November 7, *709 1968 by an order of the President of the United States. It recites that it is subject to the Warsaw Convention (49 U. S. Stat. 3000), the Hague Protocol, a treaty between the United States and South Africa, twice amended, and a CAB agreement. Petitioner’s right to fly in and out of Kennedy International Airport, located in New York State, thus exists by virtue of Federal and international law, treaty and regulation.
Respondent is a division of the executive branch of the State government, created by section 293 et seq. of article 15 of the Executive Law. The Attorney-General’s complaint against petitioner is brought under subdivision 2 of section 296 of the Executive Law, making it unlawful to discriminate 1 ‘ directly or indirectly ’ ’ against a person because of his race, in a 1 ‘ place of public accommodation,” which obviously includes airplanes, thus providing the basis for respondent’s claim that petitioner is subject to its jurisdiction. The precise charges against petitioner, set forth in paragraphs 5 and 25 of the complaint, before respondent, are: “ 5. Upon information and belief: SAA has undertaken to promote its service as a public conveyance through the placement of advertisements in newspapers in the State of New York and in magazines of general circulation inviting Americans to fly to South Africa via SAA.” “ 25. Upon information and belief: SAA will not carry any passenger to South Africa who has not been granted a visa by the Republic of South Africa.”
Other paragraphs of the complaint allege specific instances demonstrating that the Consulate of the Republic of South Africa has refused to issue or has denied unrestricted visas where the applicants were black. Petitioner is alleged to be an “ instrumentality ” of the Republic of South Africa, specifically denied the right to claim a defense of sovereign immunity under the terms of its CAB permit. Respondent has determined there is probable cause to believe petitioner is in violation of the Human Rights Law (Executive Law, § 296, subd. 2) with respect to public accommodation, over which respondent has jurisdiction, and has ordered a hearing.
Prohibition is sought on the ground of Federal pre-emption, in that such a hearing would interfere with a Federal act of state and the conduct of foreign affairs by the Federal Government. Petitioner asserts it cannot defend itself because a necessary party, the Consulate of South Africa, the 11 instrumentality ” granting or denying visas, has not been and could not be made a party and is not even subject to subpoena by respondent because of its sovereign immunity. Petitioner is precluded from pleading sovereign immunity on its own behalf *710 because of the waiver contained in its permit and underlying agreements.
Petitioner asserts it has a right to a preliminary determination that respondent has no jurisdiction to proceed with a hearing. Petitioner alleges it has exhausted all administrative remedies on the question of jurisdiction, and that the initial determination of respondent that it has jurisdiction, subject to redetermination of that issue in conjunction with a hearing on the merits, is arbitrary and capricious.
Respondent’s contention that petitioner is premature in bringing this proceeding asserting lack of jurisdiction and alleged injury is of dubious merit. Respondent adds nothing by its assertion that petitioner does not know the scope of the hearing, and that much that is relevant on the issue of jurisdiction may be adduced at the hearing. The scope of the hearing must be founded on the complaint before respondent. It is not there alleged that petitioner differentiated in any way in its treatment of any of the persons who thereafter either obtained or were refused visas. Nor is it alleged that petitioner had or could have affected in any way the granting or withholding of visas by the Consul. The granting or denying of visas is not within the power of petitioner, but rather a matter for decision by nations and their designated representatives, in the fullest exercise of their sovereignty. The propriety of the denial or issuance of visas is therefore not within the jurisdiction of respondent.
Petitioner does business in this State on the basis of international treaties. The complaint does not charge a violation of law in respect to matters over which petitioner exercises control. International treaty imposes on airlines the responsibility of refusing carriage to passengers unless they have the travel documents required by the place of destination (Convention on International Civil Aviation, Chicago, Dec. 7, 1944, 61 U. S. Stat. 1180, art. 13, and Annex 9 to the Convention, § 3.30).
That petitioner has no role in the issuance or denial of visas is recognized by paragraph 27 of the complaint before respondent : ‘ ‘ Upon information and belief: The government of the Republic of 'South Africa, of which SAA is an instrumentality, has pursued a policy of racial discrimination in the disposition of applications for visas submitted by non-white persons and has denied visas to such persons because of their race or color.”
On the face of the complaint it is thus apparent that any action which respondent could take would necessarily be directed against a foreign government or its consular agent, exercising sovereign power. This it may not do, for such action would *711 interfere with an act of state and with the foreign policy of the United States, which has seen fit to permit petitioner to operate in and out of the United States, carrying passengers to and from the Republic of South Africa. Foreign policy is a Federal concern, not amenable to 'State action. (Hines v. Davidowitz, 312 U. S. 52, 63; Zschernig v. Miller, 389 U. S. 429; see French v. Banco Nacional de Cuba, 23 N Y 2d 46, 54.) Even an administrative agency of the United States is precluded from such interference. (McCulloch v. Sociedad Nacional, 372 U. S. 10.) As that case holds, where there are ££ public questions” of 6 £ international complexion ’ ’ involved in the proposed action of the administrative agency, there ££ is a uniquely compelling justification for prompt judicial resolution of the controversy over the Board’s power.” (McCulloch v. Sociedad Nacional, supra, p. 17.)
Accordingly, there is no warrant for requiring the petitioner to submit to a hearing on the merits, at which it might raise the jurisdictional issue, and then appeal to the courts if unsuccessful, as argued by respondent. The doctrine that administrative remedies must be exhausted before seeking judicial intervention has no application in a context in which the administrative agency has no lawful power to act at all. (Matter of Dobler v. Kaplan, 27 Misc 2d 15.)
This is recognized in the very cases relied on by respondent. In Allegheny Airlines v. Fowler (261 F. Supp. 508) the court denied prohibition because it found that the very respondent here involved could, under the circumstances of that case, make findings or take action not necessarily unconstitutional. Myers v. Bethlehem Shipbuilding (303 U. S. 41) the classic case on exhaustion of administrative remedies, turns on the conclusion that there was a factual issue whether Bethlehem was engaged in interstate commerce and hence subject to the jurisdiction of National Labor Relations Board. That issue was initially to be determined by the National Labor Relations Board. Even if it be assumed that every fact alleged in the complaint before respondent here is true, no violation of law by petitioner is spelled out and no remedy or sanction as against it is shown to be available. Thus, a hearing would be an idle ceremony imposing an unwarranted burden on petitioner.
Prohibition lies even against a court in such circumstances. (Matter of Hogan v. Calkin, 18 N Y 2d 330.) As stated in Baltimore Mail S. S. Co. v. Fawcett (269 N. Y. 379, 383): ££ The writ of prohibition was devised to halt a threatened judicial usurpation of jurisdiction before it causes damage.”
*712 Our courts and administrative agencies have no power to act when the remedy sought calls into question the sovereign power of a foreign government. (Frazier v. Foreign Bondholders Protective Council, 283 App. Div. 44, mot. for lv. to app. den. 283 App. Div. 655; see French v. Banco Nacional de Cuba, supra, p. 54.) Matter of Amer. Jewish Congress v. Carter (19 Misc 2d 205, mod. 10 A D 2d 833, affd. 9 N Y 2d 223) is not in point. There the oil company in New York allegedly discriminated against prospective employees on the basis of religion. The actions of the oil company were in question, not those of a foreign sovereign. However abhorrent the discriminatory policies of the Republic of South Africa and its consulate in New York, no administrative or judicial remedy is here available against them. No facts are alleged showing that petitioner is engaged in implementing such policies.
Respondent is without jurisdiction to conduct a hearing on the visa policy of the Republic of South Africa, as it affects petitioner in carrying passengers.
Petitioner’s motion is granted.