Per Curiam.

The parties are attorneys who, while sharing office space in November, 1967, were jointly retained to prosecute a wrongful death action. Both concur in the fact that, when retained, they orally agreed to equally share any resulting fee. The trial court found that at the time of retainer the parties did not discuss or agree upon a division of the services to be performed. .It was conceded that after some initial joint research, the parties agreed that plaintiff would handle all the settlement negotiations. Plaintiff successfully concluded a settlement, and there remained only the work of preparing and securing approval of an infant’s compromise order. The court found that plaintiff had performed 80% of the work on the case to that point. It was further conceded that plaintiff sought to have defendant handle the compromise order as his contribution to the joint venture. Defendant declined and, over the protest of plaintiff, retained another attorney to handle the compromise order. This outside attorney was eventually paid a fee of $500 which was charged as a disbursement in the ease. *470 The trial court declined to enforce the equal fee division agreement on the theory that any division must be made in strict proportion to the services performed and responsibility assumed by each party.
Under Canon 34 of the former Canons of Ethics, in effect when this fee division agreement was made (and readopted as rule 603.5 of the Rules of Practice of the Appellate Division, 1st Dept.; see 22 NYCRR 603.5), there was no professional impropriety in agreeing .to an equal division of the net fee without a concomitant agreement for an equal division of the work and responsibility, provided there was some division of services and responsibility, and the party seeking to enforce the agreement actually performed some substantial services. Performance of initial legal research plus acceptance of responsibility for the infant’s compromise order rendered defendant’s participation “ substantial ”, so that the express agreement for equal division of the fee is enforceable (see Jontow v. Jontow, 34 A D 2d 744; Sterling v. Miller, 2 A D 2d 900, affd. 3 N Y 2d 778). However, the work on the infant’s compromise order by outside counsel was in furtherance of defendant’s contribution to the joint venture and the disbursement relating thereto should be chargeable to defendant alone.
The order should be reversed and judgment modified to the extent of reversing the dismissal of the counterclaim and judgment directed for defendant on his counterclaim in the sum of $714.50 with interest and costs, and as modified, affirmed, without costs.
Concur — Markowitz, J. P., Gold and Streit, JJ.
Order reversed and judgment modified, etc.