James H. Boomer, J.
On February 12, 1973, and within four days after Ms arrest, relator was served with a notice of violation of the conditions of Ms parole. By cheeking a box on the bottom of the copy of the form of the notice, he indicated that ‘11 wish to be represented by an attorney at my preliminary hearing. My attorney will contact the hearing co-ordinator (telephone 232-5464) to be advised of the date, time and location of tMs hearing.” On March 7, 1973, one month after his arrest, relator was served with a notice advising him that the preliminary hearing would be held on March 16, 1973. At that time relator’s attorney appeared and asked that the hearing be adjourned pending this habeas corpus proceeding which had been commenced on March 10,1973.
Relator contends that his detention under the parole violation warrant is unlawful because the preliminary hearing was not held “ as promptly as convenient after arrest.” (Morrissey v. Brewer, 408 U. S. 471, 485).
The parole officials claim that relator’s attorney did not contact them to request a date for the hearing and tMs accounted for the delay in setting the date. I find that the failure of counsel to contact the hearing co-ordinator was due te a misunderstanding.
*322 “Analogously to the right to a speedy trial, the right to a preliminary hearing as promptly as convenient after arrest and to a revocation hearing within a reasonable time after the parolee is taken into custody must be decided on an ad hoc basis, being necessarily relative and depending upon the circumstances (Matter of McLucas v. Oswald, 40 A D 2d 311, 315.) Morrissey v. Brewer (408 U. S. 471, 485, supra) requires a prompt hearing so that it may take place ‘ ‘ while information is fresh and sources are available. ’ ’ Additionally, delay in holding the hearing unnecessarily deprives the parolee of his liberty for an unreasonable period of time should there be no probable cause for revocation of parole.
There is no showing here that information is stale or that sources are not available. It is regrettable that there has been some delay in the scheduling of this hearing. However, there is no claim that relator’s attorney requested an early date for the hearing and was refused. Under all of the circumstances I direct that the scheduled hearing be held not later than 10 days after service of the order based upon this decision and that the parole revocation hearing be held within 30 days after the date of service of the order.
Future misunderstandings of this type can be avoided if the parole officials take the initiative in setting the date of the hearing and not make it incumbent upon the parolee to have his attorney call the parole officials for a date. As Morrissey v. Brewer (408 U. S. 471, 490, supra) states, “ Control over the required proceedings by the hearing officers can assure that delaying tactics and other abuses sometimes present in traditional adversary trial situation do not occur.” Likewise, control by the parole officials over the scheduling of the preliminary hearings can also assure that delays, caused by a failure of communication between the parolee and his attorney and between the attorney and the hearing co-ordinator, do not occur.