Louis B. Heller, J.
Defendant wife, proceeding as a poor person, moves in this divorce action for the court to assign counsel *123 to represent her. Plaintiff husband is represented by counsel serving on a reduced fee basis.
In an earlier application, Brooklyn Legal Services Corp. B was appointed to represent defendant, despite its objection that it had neither funds nor manpower to undertake the defense — its case load far exceeding its capacity. On appeal by that corporation, the appointment was vacated as an improvident use of discretion (Vanderpool v. Vanderpool, 40 A D 2d 1030). Legal Aid Society has also refused to serve, claiming it too is overburdened — leaving no other public-funded agency available.
Defendant has four infant children of the marriage, receives supplemental public assistance, and is without funds to pay counsel fee. Plaintiff earns $95 to $100 weekly, contributes nothing to the support of his wife or children, and is also without funds to pay his wife’s counsel fee.
No valid purpose would be served by assigning private counsel to represent her in the hope that payment of counsel fee could be compelled under section 237 of the Domestic Relations Law. Neither may the burden of representing the wife be imposed on private counsel without his consent, nor is it reasonable to ask him to serve without prospect of compensation. Under the circumstances the question is whether counsel fee is properly payable out of public funds.
While under the poor-persons statute (CPLR 1102) counsel may be assigned (subd. [a]), fees to public officers waived (subd. [d]), costs to a successful adversary forgiven (subd. [d]), and transcript costs paid out of public funds (subd. [b]), I find no statutory authority to direct payment of such auxiliary expenses as witness, legal, investigation, etc. fees, in civil litigation, out of public funds (Jeffreys v. Jeffreys, 58 Misc 2d 1045, revd. on other grounds 38 A D 2d 431) —nor is there inherent power in the court to order payment.
I recognize the need to appoint counsel for poor persons (CPLR 1102, subd. [a]), for indigent matrimonial plaintiffs (Emerson v. Emerson, 33 A D 2d 1022), and for indigent matrimonial defendants (Brounsky v. Brounsky, 33 A D 2d 1028); and that failure to do so when required is an improvident exercise of discretion (Brounsky v. Brounsky, supra); but that does not invest me with authority, statutory or inherent, to direct payment of counsel fees out of public funds. Absent statutory authority, I may not so direct.
There is one overriding exception: If constitutionally mandated, I may not refuse to act. For when the Constitution commands, it must be obeyed.
*124 Jeffreys v. Jeffreys (58 Misc 2d 1045, revd. or other grounds 38 A D 2d 431. [supra) considered the request of an indigent wife suing for divorce to have the publication cost of effecting service of process on her husband paid out of public funds. Referring to that cost as “ a money hurdle to such dissolution ” the court said (p. 1056): “ This hurdle is an effective barrier to * * * access to the courts. The loss of access to the courts in an action for divorce is a right of substantial magnitude when only through the courts may redress or relief be obtained. * * * It is manifestly discriminatory * * * to deprive Mrs. Jeffreys of that right while affording it to others with money.”
Since New York has an effective monopoly on divorce, to require an indigent to pay publication costs effectively denies her access to the court. The court concluded that the wife had been denied equal protection of the laws guaranteed to her by the State and Federal Constitutions, justifying a direction to the City of New York to pay the cost.
Recently (1973) the Court of Appeals, relying on Boddie v. Connecticut (401 U. S. 371), sustained this view by directing the County of Albany to pay an indigent matrimonial plaintiff’s publication cost (Deason v. Deason, 32 N Y 2d 93, affg. 39 A D 2d 331). Boddie (supra) holds that the Due Process Clause of the Fourteenth Amendment prohibits a State from denying indigent divorce plaintiffs access to our courts because of inability to pay filing fees and Sheriff’s fees for service of process. The effect of indigency was held to be the same in both eases — inability to pay filing and sheriff fees in Boddie and publication costs in Deason — wrongful denial of access to the court.
Although I find no case that says that indigent matrimonial defendants have a right to counsel, that issue is now before the court. Does the Boddie rule extend the right to counsel to indigent matrimonal defendants? Is denial of the right to counsel to those defendants because of inability to pay the fee denial of access to the court? Are counsel fees such auxiliary costs as bar indigent matrimonial litigants from access to the court?
It is urged that indigent matrimonial defendants cannot claim that they are denied access to the court, having been brought in by the plaintiff. That view is too shallow. Access must be viewed in the context of due process. In criminal matters defendants do not have access, insuring due process, unless represented by counsel (Gideon v. Wainwright, 372 U. S. 335). So, too, in civil matters, access that denies due process does not meet constitutional standards.
*125 Indigent matrimonial defendants denied equal protection of the law do not have access to the court simply because they are brought in by plaintiff. Access that denies equal protection is not the access contemplated by due process. Presence is distinguishable from access — the two are not equatable. Presence without equal protection of the law remains only presence; it does not ripen into access.
Due process reflects a fundamental value in our constitutional system. Central to its operation is the concept of due process. Without the guarantee that no one may be deprived of life, liberty or property without due process of law, the system could not be acceptable. We are seldom asked to view access to the courts as an element of due process. Plaintiffs’ invocation of the system often creates problems of defendant’s rights. The judicial proceeding becomes the only effective means of resolving the dispute, and denial of defendants’ access to the process impairs its legitimacy (Baddie v. Connecticut, 401 U. S. 371, supra).
Unless litigants are given a meaningful opportunity to be heard, there is no due process. Wherever one is assailed in his personal property, there he may defend (Windsor v. McVeigh, 93 U. S. 274, 277). For an opportunity to defend to be meaningful, it must be appropriate to the nature of the case (Mullane v. Central Hanover Trust Co., 339 U. S. 306). A cost requirement valid on its face may offend due process because it operates to foreclose a litigant’s opportunity to defend meaningfully. New York’s obligation under the Fourteenth Amendment is to give each person, before depriving him of life, liberty or property, that process appropriate to the nature of the case and the values of a free society that can be characterized as due (Boddie v. Connecticut, 401 U. S. 371, supra).
Can we say that this indigent wife is being given a meaningful opportunity to be heard, appropriate to such issues she may be called on to face, as custody of children, alimony, and property rights, in a meaningful manner, when denied the right to counsel because of inability to pay the fee?
Is she being afforded a meaningful opportunity to be heard, appropriate to the values of a free society, under those circumstances? Do the values of a free society deny this indigent wife the right to counsel because she is without funds?
Appraising the totality of all the facts, denial of her right to counsel defeats fundamental fairness, repulsive to our sense of justice. It is not fair to expect that defendant is able to adequately protect her rights without counsel. Her opportunity *126 to be heard is not meaningful; it is not appropriate to the nature of the case.
Nor can a process in a free society that denies her the right to counsel be characterized as due. For process to be due in this society, it is not sufficient that it affords an opportunity to be present, it must also afford a meaningful opportunity to be heard; and unless meaningful, it may not be regarded as an opportunity to be heard. Anything less is not due process because it denies access to the process.
Under the circumstances, I conclude that this indigent wjfe may not be denied the right to counsel because she is without funds. I regard counsel fees as such auxiliary costs as bar her access to the court. It must be removed.
I go no further than is necessary to dispose of this case where the wife’s indigency and the husband’s inability to pay the counsel fee are not disputed. I do not decide that indigent defendants in other civil litigation, denied counsel, are also thereby denied access to the court. I hold only that because access to the court in matrimonal actions is the exclusive precondition to adjustment of the marriage relationship, a State may not consistent with due process “pre-empt the right to dissolve this legal relationship without affording all citizens access to the means it has prescribed for doing so.” (Boddie v. Connecticut, 401 U. S. 371, 383, supra).
Under the authority of Deason v. Deason (32 NY 2d 93, supra), the burden of paying the counsel fee rests on local government — i.e., the county, or in this case, the City of New York. Let the City of New York furnish counsel to the defendant within 10 days from service of a copy of the order to be entered on this motion, or, failing that, let defendant retain counsel of her own choosing whose fee is to be fixed by the trial court and paid by the City of New York.
It is appropriate to call attention to a law enacted in this State in 1965 in response to Gideon v. Wainwright (372 U. S. 335, supra) (making the right to counsel of indigent criminal defendants obligatory for the States) establishing a system for assignment and compensation of counsel for indigent criminal defendants (County Law, art. 18-B). In approving the bill, the Governor recognized that ‘ ‘ the right to counsel is as indispensable as the right to a fair trial, and both must be protected if our system of justice under law is to continue and flourish.” (N. Y. Legis. Annual, 1965, p. 524). Indigent matrimonial defendants are equally in need of representation,
*127 Although the benefits of article 18-B of the County Law are limited to indigent criminal defendants, it does establish an administrative plan, now in operation, for assignment and compensation of counsel. It would be both simple and expeditious to amend 18-B to include indigent matrimonial defendants in its benefits. The Legislative Committee on Local Government and all other public officers with responsibility in the matter are urged to give serious consideration to enacting appropriate legislation to provide counsel for those defendants.