Edmund L. Shea, J.
Petitioner, desiring to obtain a divorce from bis wife, has instituted this proceeding to require the St. Lawrence County Department of Social Services to furnish him counsel, or in the alternative, to pay the fee of counsel for the petitioner of his own choosing.
The petitioner shows that he is a recipient of public assistance in St. Lawrence County which is his sole income for support of himself and two minor children residing with him. In addition, ■the petitioner sufficiently alleges grounds for divorce from his wife, who may now be residing in South Carolina.
The allegations that petitioner is receiving public assistance and has no other income or property establishes prima facie that he is entitled to proceed as a poor person pursuant to CPLB 1101 (Emerson v. Emerson, 22 A D 2d 1022; Hotel Martha Washington Mgt. Co. v. Swinick, 66 Misc 2d 833), and as one of the privileges of a poor person CPLB 1102 provides: " The court in its order permitting a person to proceed as a poor person may assign an attorney.”
Bespondents contend that petitioner’s proceeding herein is premature since petitioner has not sought out a “ fair hearing ” pursuant to section 166 of the Social Services Law. However, it appears petitioner did make a request for provision to pay an attorney’s fee to the Commissioner of the St. Lawrence County *1089 Department of Social Services, and the commissioner advised the petitioner that the department had no means to provide legal services and therefore conld not authorize any expenditure of money for this purpose. Under these circumstances, the doctrine of exhaustion of administrative remedies is inapplicable as an administrative hearing would be futile (Baumes v. Lavine, 74 Misc 2d 1046; South African Air Lines v. New York State Div. of Human Rights, 64 Misc 2d 707) and the court will therefore consider the matter on its merits. Boddie v. Connecticut (401 U. S. 371) established that an indigent party in a matrimonial action may not be denied effective and equal access to the courts because of inability to afford court fees and costs. The Court of Appeals extended this principle in providing that the cost of publications must be borne by the government in order to prevent an indigent divorce plaintiff from being denied access to the courts in violation of the Fourteenth Amendment’s due process clause. (Deason v. Deason, 32 N Y 2d 93.) This case further held that the county rather than the State was the appropriate government entity to bear the expense of publication. The court specifically left the question open whether publication was the only method of acquiring jurisdiction in a matrimonial action. Subsequently, the lower court determined that jurisdiction could be obtained under subdivision 5 of CPLB 308 by the court authorizing service by mailing or by other appropriate method (Deason v. Deason, 73 Misc 2d 321), but this lower court ruling, of course, does not change the principle that incidental auxiliary expenses paid to private persons must be provided where a party in a matrimonial action is an indigent. (See, also, Jeffreys v. Jeffreys, 58 Misc 2d 1045, revd. on other grounds 38 A D 2d 431; McCandless v. McCandless, 38 A D 2d 171.) In Jeffreys v. Jeffreys (supra, p. 1051), the court stated: “ an action for divorce is fundamentally different from actions in contract or concerning real property. The latter may be brought or not brought; they may be settled out of court. But our State Constitution (art. I, § 9) mandates that divorces may be granted only by ‘ due judicial proceedings. ’ Furthermore State statutes dictate who may marry; by whom the marriage may be performed; the obligations of the parties during marriage ; the grounds for separation or divorce and the obligations of the parties after the termination of the marriage. For all purposes the State is very much a ‘ partner ’ to a marriage and a ‘ party ’ in a matrimonial action.”
In Vanderpool v. Vanderpool (74 Misc 2d 122) the court held that the principles of Boddie v. Connecticut (401 U. S. 371, *1090 supra) required that an indigent defendant wife in a matrimonial action must be provided with counsel as a means of affording a meaningful opportunity to be heard as required under due process. The court further held that the burden of representing the wife would not be imposed upon private counsel without his consent nor was it reasonable to ask counsel to serve without the prospect of compensation, and therefore the .burden of paying counsel fees rested on the local government.
It has been brought to the court’s attention that the Hon. Habold E. Simpson, Supreme Court, Tompkins County, following Vanderpool v. Vanderpool (supra), and applying it both to an indigent plaintiff and an indigent defendant, ordered the County of Tompkins to provide counsel or to pay for counsel in an application for an order by Cornell Legal Aid to withdraw as attorneys because of conflict of interest by order entered on November 2, 1973.
This court is cognizant of the tremendous increase in matrimonial actions being processed by the courts in recent years, and is reluctant to decide that the county must bear what could and would be a most burdensome expense, without due legislative process. As hereinafter mentioned, remedial legislative action has been taken in criminal cases and in proceedings in Family Court.
The court is also cognizant of what should be a basic premise that no person should be denied meaningful opportunity to vindicate legal rights because of poverty.
It would also appear in view of the decision in Vanderpool v. Vanderpool (74 Misc 2d 122, supra) (which at least one other court has followed), that unless legislative action is soon forthcoming the plaintiff in such an action as this may be granted the relief he requests by judicial mandate rather than by the more acceptable method of legislative procedures.
The court agrees that under the principle of effective and equal access to our courts that petitioner herein is entitled to an appointment of counsel. However, in the absence of any statutory authority for requiring a county to pay counsel fees, it would seem that the burden of imposing such counsel fees on the county government and the expenditure of public funds should be avoided if there is another avenue open to the court to provide such counsel. Obviously, if the county is required to pay attorneys’ fees in civil eases, at least including matrimonial actions for one or both parties and perhaps in the landlord-tenant situations (Hotel Martha Washington Mgt. Co. v. Swinick, 66 Misc 2d 833, supra), it would require large unex: *1091 pected appropriations. The problem would be prevented if there were an appropriate agency such as Legal Aid where counsel could be available to indigent parties. The court understands that there is a St. Lawrence County Legal Assistance Program being formed, utilizing Federal funds under the Federal Equal Opportunity Act of 1964, and hopefully it will soon be in operation to alleviate the problem of providing counsel to indigent persons.
Rather than placing the burden on the county in providing petitioner with an attorney at the county’s expense, the court reluctantly adopts another possible approach. Attorneys, unlike newspaper editors or other third parties, are officers of the court. Prior to the adoption of such remedial legislation as article 18-B of the County Law providing for payment of counsel in criminal proceedings; section 245 of the Family Court Act providing for payment of Law Guardians in Family Court; and section 35 of the Judiciary Law, providing for the assignment of counsel in certain proceedings, it was considered the duty to the Bar to accept court appointments in criminal cases, acting without compensation. Thus, in People ex rel. Acritelli v. Grout (87 App. Div. 193, 195-196, affd. on prevailing opinion below 177 N. Y. 587) it was stated:
“ There has been no time in the governmental history of this State when the court lacked the power to assign counsel for the defense of indigent persons charged with crime (People ex rel. Saunders v. Board of Supervisors, 1 Sheld. 517); and it has been a part of the obligation assumed by counsel upon their admission to the bar to defend poor prisoners upon assignment by the court * * * such service was rendered by counsel so assigned without pecuniary compensation, and such service, however onerous, created no legal liability against a county in favor of the person rendering the same (People v. Supervisors of Albany, 28 How. Pr. 22; People ex rel. Ransom v. Board of Supervisors, 78 N. Y. 622.) ”
The court believes the same responsibility of attorneys applies in civil proceedings under the circumstances disclosed in the petitioner’s application. (Code of Professional Responsibility, as contained in the supplement to McKinney’s Cons. Laws of N. Y., Book 29, Judiciary Law, adopted by the New York State Bar Association, EC 2-25 and EC 2-29.)
The court knows that members of the Bar in St. Lawrence County are second to no one in matters of public service and responsibility.
*1092 The court also recognizes that the Bar cannot be expected to bear the burden of representing indigent parties in matrimonial actions to the extent that this court can envision may come to pass.
Therefore, the court will send a copy of this decision to the President of the St. Lawrence County Bar Association with the view of his ádvising the court as to an appropriate attorney to be assigned. Upon receiving such advice, the court will make an appropriate order appointing counsel for petitioner.