■ In the Matter of BARON AND VESEL, P. C., as Attorneys for the Estate of ERMA FULLER, Deceased, et al., Petitioners, v IRA GAMMERMAN et al., Respondents. — CPLR article 78 proceeding in this court seeking an order prohibiting respondent Supreme Court Justice from entertaining any application to allocate and fix fees, allegedly owing to the estate of Irving L. Weinberger, that have been fixed in Surrogate's Court, Queens County, is dismissed, and the application denied, without costs. ¶ The proceeding involves a dispute as to allocation of attorney's fees in a wrongful death action which was settled in the Supreme Court, New York County. Petitioners, attorneys of record, have been awarded a fee in the Surrogate's Court, Queens County, and now the estate of another attorney seeks in the Supreme Court an allocation of one third of that fee to that attorney's estate. An application for allocation is apparently also pending in the Surrogate's Court, Queens County. Petitioners contend that a decision in the Supreme Court would, based upon the facts in this case, exceed the jurisdiction of the Supreme Court. ¶ The case does not justify the drastic remedy of prohibition. Without prejudging the issue of jurisdiction of the Supreme Court, even if the Supreme Court is without jurisdiction there is no reason to believe that the Supreme Court Justice will make an erroneous ruling, nor is there any reason to avoid the more orderly procedure of making the objection to jurisdiction in the Supreme Court. The fact that the Supreme Court Justice signed an order to show cause is no indication whatever as to what his ruling will be on jurisdiction. The Trial Term of the Supreme Court, like any other court, has at least the jurisdiction to decide whether it has jurisdiction in a particular matter. Thus petitioners "had [and have] an adequate remedy to contest the separable issues of jurisdiction" before the Trial Term. (*Matter of Lownes v Family Ct.*, 24 AD2d 443.) Whichever way the Trial Term decides, there is an adequate remedy by appeal. (*Supra.*) Concur — Kupferman, J. P., Sullivan, Silverman and Milonas, JJ.

Kassal, J., dissents in a memorandum as follows: I disagree and would grant the petition to prohibit the Supreme Court Justice from passing upon the application presently pending before him to modify and amend the decree of the Surrogate's Court, Queens County, entered November 15, 1983. In my view, prohibition is available here to prevent the improper exercise of jurisdiction. ¶ The underlying dispute concerns the claims by counsel as to their respective entitlement to and division of legal fees resulting from the settlement of a negligence action to recover damages for the wrongful death and conscious pain and suffering of Erma Fuller. This action had been settled during trial before Justice Gammerman in Supreme Court, New York County. Petitioners had been retained as trial counsel by the attorney of record, Irving Weinberger, on March 24, 1976. Weinberger had been originally retained by Mrs. Fuller on February 19, 1976 by a written retainer agreement which provided for a fee to be determined pursuant to 22 NYCRR 603.7 (e). When petitioners were retained, the parties agreed to a contingent one-third fee, with petitioners agreeing to share the total fee with Weinberger on a two-thirds — one-third basis. A retainer statement to that effect was filed with the Judicial Conference. Subsequently, Weinberger passed away on November 15, 1976 and Mrs. Fuller died on January 9, 1979, whereupon the personal injury

action was converted into an action for wrongful death. ¶ The action came on for trial before Justice Gammerman in Supreme Court and was settled during trial by a structured settlement agreement in the aggregate sum of $950,000, with $100,000 to be allocated to the claim for conscious pain and suffering. At that time, the court instructed the parties to submit compromise papers for approval of the settlement and distribution of the proceeds in the Surrogate's Court, Queens County, advising that: "If the Queens County Surrogate indicates that he has no particular desire to have this matter dealt with in his Court, I have advised Counsel for the Plaintiff that I will entertain the compromise in this Court." Thereafter, petitioners brought a proceeding in the Surrogate's Court, Queens County, to approve the settlement and determine reasonable counsel fees to be paid. As far as appears, that proceeding was not on notice to Weinberger's estate and there was no request to apportion the fee between the attorneys. Following the filing of a report by the guardian ad litem, appointed on behalf of the infant son of Mrs. Fuller, Surrogate Laurino issued a decree on November 15, 1983, *inter alia,* approving the settlement and awarding counsel fees to petitioners in the sum of $200,000, with no provision for Weinberger. According to Weinberger's widow, until the decree was issued, she was unaware that petitioners sought to exclude her husband's estate from the fee. ¶ On January 23, 1984, petitioners moved, on notice to Weinberger's estate in the Surrogate's Court, Queens County, for an order awarding the attorney's fees under the decree of November 15, 1983 solely to petitioners, alleging in support of the motion that Weinberger, their referring attorney, "did no work on the case" and citing the pertinent canon of ethics regarding division of fees. The record does not reflect whether Weinberger's estate opposed the motion but, in any event, on March 2, 1984, while the Queens application was *sub judice,* Weinberger's administratrix secured an order to show cause in Supreme Court, New York County, issued by Justice Gammerman, directing a hearing to determine why an order should not be entered (1) relieving Weinberger's estate from the "order and judgment previously entered in this case", which had awarded the entire fee to Baron & Vesel, (2) "amending said judgment to provide for the payment of one-third of said fee to said estate" and (3) awarding the estate exemplary damages. In opposing the motion, petitioners argued that the court should not entertain the application since, on settlement of the underlying action, Justice Gammerman had deferred the issues with respect to the compromise and approval of the settlement and fixation of fees to the Queens Surrogate pursuant to EPTL 5-4.4 (subd [a], par [1]) and that a prior outstanding motion had been made in the Surrogate's Court to resolve the disputed issue concerning the fee. Subsequently, the motion was submitted and is presently pending before Justice Gammerman. As a result, there are two applications pending in two courts, which could lead to inconsistent determinations. Accordingly, petitioners, contending that the Supreme Court was proceeding without and in excess of its jurisdiction (CPLR 7803, subd 2), brought this proceeding for relief in the nature of prohibition. ¶ Prohibition is an extraordinary remedy and is unavailable to review errors of law or where there is available an adequate remedy by appeal from any order to be entered (*Matter of State of New York v King,* 36 NY2d 59; *Matter of Gold v Gartenstein,* 54 NY2d 627). The statute provides that the remedy may not be had where relief can be adequately obtained by appeal (CPLR 7801, subd 1; *Matter of State of New York v King, supra*). Its availability as a remedy is limited to prevent judicial excesses of jurisdiction, where a body or officer "is proceeding or is about to proceed without or in excess of jurisdiction". (CPLR 7803, subd 2; *Matter of South African Airways v New York State Div. of Human Rights,* 64 Misc 2d 707.) In a proper case, the remedy is available against a court "to prevent the threatened

exercise of unauthorized power." (*Matter of Hogan v Culkin,* 18 NY2d 330, 336.) As was observed in *Matter of Baltimore Mail S. S. Co. v Fawcett* (269 NY 379, 383), "The writ of prohibition was devised to halt a threatened judicial usurpation of jurisdiction before it causes damage." ¶ As applied, here, the Supreme Court is palpably without jurisdiction to amend or modify the decree previously entered by the Surrogate's Court, Queens County, the specific relief requested in the order to show cause, namely, "relieving * * * from the order previously entered in this case [in the Surrogate's Court, Queens County]" and "amending said judgment." The assumption of jurisdiction by a Justice of the Supreme Court, who has entertained the application, which, it appears, has been submitted, is improper and authorizes prohibition to prevent the unauthorized judicial usurpation of power by attempting to modify the order of another court of coordinate jurisdiction. I find the majority's response insufficient in holding that the petitioners must await a disposition on the merits before they may challenge the wrongful assertion of jurisdiction by way of an appeal. The mere fact that an order or judgment is appealable does not automatically preclude prohibition since all such determinations are subject to appellate review. Under the majority's rationale, prohibition would never be available to prevent an improper exercise of jurisdiction by a Supreme Court Justice. My colleagues also ignore that an identical application is presently pending before the Queens Surrogate, on the prior motion by petitioners to apportion the attorney's fees. There is no basis for separate applications in separate courts, with the possibility of inconsistent determinations. ¶ Under the circumstances, in my view, the application pending in the Supreme Court should be transferred to the Surrogate's Court, Queens County, to be consolidated with the pending proceeding in that court, a transfer authorized by article VI (§ 19, subd g) of the New York Constitution (cf. *Garland v Raunheim,* 29 AD2d 383, 389, where, pursuant to NY Const, art VI, § 19, subd a, we transferred a partition action to the Surrogate's Court to be consolidated with an accounting proceeding which had been pending there). Since the Surrogate's Court has already acted in approving the settlement and fixing the appropriate attorney's fees to be awarded and there is a pending application in that court for an apportionment of the fee between the parties, a collateral attack upon the Surrogate's decree may not be sustained (see *Dunham v Dunham,* 40 AD2d 912, 913; *Matter of Moody,* 6 AD2d 861; SCPA 201, 204, 205). ¶ There is nothing in the record to in any way suggest that a fair and impartial determination cannot be obtained in the Surrogate's Court. While concurrent jurisdiction exists, it has been generally held that the first court to assume jurisdiction should retain it to the exclusion of the other (*Schuehle v Reiman,* 86 NY 270, 273; *Matter of Bausch,* 270 App Div 418, 427-428; *Evans v Appell,* 211 App Div 105, affd 240 NY 585). The underlying issue involving the apportionment of the fee between the attorneys is not complex and is clearly within the continuing jurisdiction of the Surrogate, who approved the settlement, directed distribution of the proceeds and fixed the fair value of the total legal services rendered. Essentially, what is now at issue is the enforceability of an agreement providing for a division of the fee, which, it has been held, "is valid and is enforceable in accordance with the terms set forth in the agreement, provided that the attorney who seeks his share of the fee contributed some work, labor or service toward the earning of the fee" (*Oberman v Reilly,* 66 AD2d 686, 687; see, also, *Jontow v Jontow,* 34 AD2d 744; *Sterling v Miller,* 2 AD2d 900, affd 3 NY2d 778; *Bohm v Holzberg,* 69 Misc 2d 469; *Carter v Katz, Shandell, Katz & Erasmous,* 120 Misc 2d 1009, 1019). ¶ Accordingly, I would grant prohibition, enjoining Justice Gammerman of the Supreme Court, New York County, from passing upon the pending application to amend or modify the decree of the Surrogate's Court, Queens County, issued November 15,

1983, and directing that the application be transferred to the Surrogate's Court, Queens County, for consolidation with the proceeding and application presently pending before the Queens Surrogate.