In the Matter of the Application of AGNES BRENNER, Administratrix, etc., of WILLIAM BRENNER, Petitioner, Appellant, for a Certiorari Order against HENRY E. BRUCKMAN, Chairman of the State Liquor Authority, and HAROLD V. NEAREY, Secretary to the Authority, Respondents.

First Department, April 1, 1938.

*David Edwards*, for the petitioner.

*Monroe I. Katcher, II*, of counsel [*William H. Ticho*, attorney], for the respondents.

COHN, J. This appeal involves the application of the provisions of the recently-enacted article 78 of the Civil Practice Act (Laws of 1937, chap. 526, effective Sept. 1, 1937). The new article is entitled " Proceeding against a body or officer," and supplants former articles 78, 79 and 80, which covered certiorari, mandamus and prohibition proceedings, respectively. This comprehensive revision of the statute was recommended to the Legislature by the Judicial Council and was promulgated not only " to facilitate greater expedition " but also to provide " a uniform mode of proceeding akin to a motion " as a substitute for the three former special proceedings. (Fourth Annual Report of the Judicial Council of the State of New York, 1938, at p. 19.)

In the case before us, petitioner, pursuant to article 78 of the Civil Practice Act, seeks to review the action of the State Liquor Authority in revoking her license for certain violations of the Alcoholic Beverage Control Law and rules of the State Liquor Authority after a hearing upon written charges, at which petitioner was given an opportunity to be heard as provided in section 119 of the Alcoholic Beverage Control Law. The grounds upon which the application is made are (1) that there was insufficient evidence to sustain the complaint upon which the revocation was made, and (2) that the Authority failed to render the decision and order of revocation within thirty days after the hearing upon the charges.

As provided by section 1291 of the Civil Practice Act, respondents served upon petitioner and filed with the clerk of the court their verified answer to the petition containing proper denials and pertinent and material facts showing the grounds of the action taken by respondents, and annexed to the answer a certified transcript of the record of the proceedings subject to review.

Upon this appeal respondents contend that the Special Term is vested with authority to examine into the merits of the application and that petitioner is entitled to review by the Appellate Division of the determination challenged only in a case where a meritorious cause of action is presented.

The Special Term, in denying petitioner's motion to vacate the order of revocation, necessarily determined that the issues raised did not call for a transfer of the cause to this court for disposition. We think that the court's failure to direct the transfer of the cause to this court was error. Where, as here, the determination under review was made as a result of a hearing held, and at which evidence

was taken, pursuant to statutory direction (Alcoholic Beverage Control Law, § 119, subd. 2), and where, as in this case, an issue as to the competency of the proof or the sufficiency of the evidence is raised, the Special Term is required to make an order transferring the cause to the Appellate Division. (Civ. Prac. Act, § 1296.) The only exceptions the statute makes to this mandate are cases in which it appears that the petitioner is not entitled to relief because of the provisions of section 1285 or section 1286 of the Civil Practice Act. Respondents make no claim that either of those exceptions applies here. We are, therefore, of the view that in this case petitioner has an absolute right to have the cause transferred to this court.

There is a further provision in section 1296 of the Civil Practice Act which particularly applies to the present proceeding. It provides: " If the court erroneously decides that the issues in the cause are not such as to call for transfer of the cause to the Appellate Division, or if the converse occurs, the Appellate Division shall treat the cause, when the latter comes before it by appeal or transfer, as if the proper proceedings had been taken, and shall either dispose of the issues itself, or if the papers before it are not sufficient therefor, shall remit the proceedings to the proper term or court to be disposed of." Although the court erroneously decided that the issues in the case did not call for a transfer to this court, the record on appeal contains papers which are sufficient for a disposition of the cause in this court. As directed by the statute just quoted, we have accordingly treated the cause as if the proper proceedings had been taken.

" The licensee is protected in his right to retain his license unless it be ascertained upon a hearing that good cause exists for its revocation. He must be confronted with the witness, and be given an opportunity to cross-examine his accusers. Otherwise he has not had a fair hearing." (*Matter of Yates* v. *Mulrooney*, 245 App. Div. 146, 149.) We have scrutinized the charges sustained by the Authority and the testimony adduced before the trial commissioner in support of them. Upon such examination of the record we reach the conclusion that the proof was clearly sufficient to warrant the finding of the Liquor Authority.

The claim made by petitioner that the State Liquor Authority had lost jurisdiction to revoke petitioner's license because it failed to take such action within thirty days after the hearing of the charges is also without merit. Section 120 of the Alcoholic Beverage Control Law, upon which petitioner relies, provides that a decision shall be rendered within thirty days after the submission

or hearing. Such a provision is designed to induce a prompt disposition; it is not mandatory but merely directory, and a decision may be compelled after the expiration of thirty days. The State Liquor Authority after such lapse of time is not precluded from thereafter making its determination to revoke a license after a hearing on charges. A provision in a statute which directs an act to be performed by a public officer or body within a certain time is usually given "for the purpose of securing system, uniformity, and dispatch in the conduct of the public business, rather than for the purpose of making the rights of persons dependent on the doing of the act at the specified time. * * * Especially is this so when the acts are to be done for the benefit of the public, or where there are no negative words in the statute forbidding the acts to be done at any other time." (McKinney's Consolidated Laws of New York, book 1, Statutes and Statutory Construction, § 7.) In *Fallon* v. *Hattemer* (229 App. Div. 397) the court, quoting from another case, stated the rule as follows: " ' The general rule most certainly is, that where a statute directs a public officer to do a thing within a certain time, without any negative words restraining him from doing it afterwards, the naming of the time will be regarded as merely directory, and not as a limitation upon his authority.' "

For the foregoing reasons, we think that the order should be modified by directing a transfer of the proceeding to this court for determination, and, upon an examination of the papers, we conclude that the determination of the State Liquor Authority was in all respects legal and proper, and should be confirmed, and the petition dismissed, with fifty dollars costs and disbursements.

MARTIN, P. J., TOWNLEY, DORE and CALLAHAN, JJ., concur.

Order unanimously modified by directing a transfer of the proceeding to this court for review of the determination of the respondents, and, upon a review thereof, said determination is confirmed, with fifty dollars costs and disbursements to the respondents, and the petition dismissed.