In the Matter of ROCHESTER GAS AND ELECTRIC CORPORATION, Petitioner, against MILO R. MALTBIE et al., Constituting the Public Service Commission of the State of New York, Respondents.

Supreme Court, Special Term, Albany County, December 27, 1946.

*T. Carl Nixon, Earl L. Dey, Edmund B. Naylon* and *George Foster, Jr.,* for petitioner.

*Philip Halpern, George H. Kenny* and *Samuel R. Madison* for respondents.

BERGAN, J.  On May 16, 1946, the Public Service Commission made an order which required the Rochester Gas and Electric Corporation to reduce its utility plants account by $1,883,556.25 and to transfer some of this amount to its surplus account; some of it to other asset accounts, and some of it to its depreciation reserve.  Other provisions of the order are not material here.

This order was served on the company on May 18, 1946.  The statute, section 22 of the Public Service Law, authorizes an application to the commission for a rehearing after an order such as this one has been made, within thirty days of the service of the order. On June 13, 1946, the company applied for a rehearing.

The same statute requires that " The decision of the commission granting or refusing the application for a rehearing shall be made within thirty days after the making of such application." On July 23, 1946, forty days after the application for rehearing was made, the commission made an order granting the application for a rehearing.  This order was served August 1, 1946. The proceeding on rehearing has not yet been decided by the commission.

On October 30, 1946, the company commenced this proceeding to review the order of May 16th under the authority of article 78 of the Civil Practice Act.  The commission moves to dismiss the petition upon the ground that while the commission has before it undetermined the proceeding on rehearing, there is no final order and that therefore the statutory conditions under which a judicial review is authorized are not shown.

The company contends that the failure of the commission to act on the application for a rehearing within thirty days resulted

in the loss of jurisdiction and that the original order of May 16th is now subject to judicial review.

The single question before the Special Term is whether, in view of the direction of the statute that the commission shall grant or refuse an application for a rehearing within thirty days, its decision made forty days after the application for rehearing was within the frame of its jurisdiction.

The specific point seems not to have been determined judicially in New York in respect of power of the Public Service Commission on rehearing, but the general effect of time limits upon the action of official bodies has several times been considered and has resulted in the formulation of principles which ought to be deemed applicable to this case.

A statutory provision requiring an act to be done or a decision made by a public body within a given time is commonly regarded as directory, merely, and does not operate to terminate jurisdiction, unless the statute says so in language or by an implication necessarily to be drawn from the statutory context.

The whole statute, its purpose and the objects to be attained will be considered, but unless all these added together will require a court to say that time itself was a matter of such controlling importance in statutory purpose that authority ended at the nominated time or that the delay has worked a substantial prejudice, the power to act after the time has expired will be upheld. (*People* v. *Allen,* 6 Wend. 486, 487; *Barnes* v. *Badger,* 41 Barb. 98, 99; *Matter of Broadway Widening,* 63 Barb. 572; *Fallon* v. *Hattemer,* 229 App. Div. 397; *Matter of Brenner* v. *Bruckman,* 253 App. Div. 607.)

That the thirty-day limit upon the making of the application for rehearing may be binding literally on the party seeking the rehearing and the thirty-day time limit on the decision to be given by public authority appearing in the same section may be deemed directory, merely, is not the procedural anomaly petitioner seems to think; not merely because the limitations are different in kind, but because they are different in effect given by a well-marked divergence in judicial view taken of the two kinds of limitation.

If the commission fails to act upon an application for a rehearing within thirty days, the party whose rights are affected may compel the commission by a proceeding in the nature of mandamus to decide the application for a rehearing, since the duty to decide is one imposed by law. Such a direction will not, of course, suggest what the decision should be, but will merely direct some determination.

But where a determination is made granting a rehearing, if it is made within the jurisdiction of the commission, as I conclude that it was in this case, there is no final determination on the merits and the relief afforded by article 78 is, by its express language, not available. (Civ. Prac. Act, § 1285.)

Since the petitioner applied for a rehearing and since that is what has been granted, it is not apparent in what way its rights may be deemed prejudiced by granting it relief in forty days instead of thirty. If, upon rehearing, the petitioner's position is sustained, it will have won its point without the trouble of a judicial review; if it is prejudiced by the final result, it will then be afforded a judicial review.

The argument advanced by petitioner here does not suggest any good reason why the time limits imposed upon the Public Service Commission on rehearing of its determinations should be treated as less directory in nature than those which apply to decisions of public authorities generally. The motion of the respondents is granted and the petition is dismissed, without costs, and without prejudice to a proceeding directed to the final order to be given on the rehearing.