Henry Epstein, J.
This motion to dismiss the instant proceeding on the grounds that petitioner lacks status under the Executive Law (art. 15, § 296, subd. 1, pars, [a], [c]) and that this court is without jurisdiction, is denied. Respondent commission accepted jurisdiction under sections 297 and 298 of the said law. Petitioner was held to be a “ person aggrieved ” and a reasonably liberal application of such language has been sustained in other courts as well as in this State (American Jewish Congress v. American Lumbermen’s Cas. Co. of Ill., No. 1189-45, Record, p. 6, item 46; National Assn, for Advancement of Colored People v. Alabama, 357 IT. S. 449; Pierce v. Society of Sisters, 268 U. S. 510; Uphaus v. Wyman, 360 U. S. 72). Petitioner here has a vital interest, shared with the People of the United States. It is to protect citizens of the United States and particularly of the State of New York, from the destruction of their basic rights at the instance of a foreign government, seeking to obscure our statutory and constitutional provisions with a perceptible film of oil.