■ CHARLES ARNOLD, an Infant, by His Guardian ad Litem, THEODORE ARNOLD, et al., Appellants, v. JACKLIN HOLDING CORP., Respondent.— Judgment unanimously reversed on the law and on the facts, and a new trial ordered, with costs to the appellants.  Plaintiffs established a prima facie case of negligence by proof of the defective condition of the window and of notice of that condition.  Whether the negligence was a proximate cause of the accident and was reasonably foreseeable were questions of fact for the jury in view of the evidence of defendant's knowledge of the proclivities of children residing in the premises to play near the window and the ineffective repair of the window latch.  Under the circumstances, it was error to dismiss the complaint, as a matter of law, at the conclusion of the testimony without permitting the jury to pass on the factual issues.  Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Valente, JJ.

■ In the Matter of MARY BURROWES, Respondent, against ERNEST BURROWES, Appellant.— Order granting petitioner wife support on a means basis unanimously modified, on the law and on the facts, without costs to either party, to reduce the award of support from $25 per week to $15 per week, and the order, as thus modified, is affirmed.  On this record the proof shows that respondent husband is limited to his social security insurance, his occasional earnings as a carpenter, and indefinite returns from one rental property, the title to which is evidently in dispute in a Supreme Court action.  In consequence, the higher award is not justified.  Settle order on notice.  Order allowing to petitioner-respondent a counsel fee in the amount of $200 unanimously modified, on the law and on the facts, without costs to either party, to reduce such award to the amount of $100, and the order, as thus modified, is affirmed.  In view of respondent husband's meager resources, on this record, and the short period of time that present counsel participated in the proceedings, the lesser rather than the higher award is justified.  Giving a sensible construction to section 131 of the Domestic Relations Court Act, as amended by chapter 342 of the Laws of 1958, there is no palpable significance in the fact that the counsel fee was applied for by formal motion rather than by request at an open "hearing".  Settle order on notice.  Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Valente, JJ.

■ In the Matter of the AMERICAN JEWISH CONGRESS, Respondent, against ELMER A. CARTER et al., Constituting the State Commission Against Discrimination, Respondents, and ARABIAN OIL COMPANY, Appellant.— Order [denying motion to dismiss proceeding] unanimously affirmed, with $20 costs and disbursements to the respondents.  No opinion.  Order [granting application to annul determinations of commission] unanimously modified, on the law, on the facts and in the exercise of discretion, to strike from the order the words " in accordance with memorandum opinion filed simultaneously herewith ", and to provide for the remand of the matter to the State Commission Against Discrimination for proceedings in accordance with article 15 of the Executive Law, and, as so modified, affirmed, without costs.  We are of the opinion that probable cause exists for the further processing of this matter.  The holding by the commission to the contrary was arbitrary and capricious.  Until a final determination on the merits, in accordance with the statute, we may not address ourselves, as did Special Term, to how the issues pertaining thereto may be ultimately resolved.  Settle order on notice.  Concur — Botein, P. J., Rabin, Valente, McNally and Bergan, JJ.