In the Matter of STUART & STUART, INC., et al., Respondents, *v.* NEW YORK STATE LIQUOR AUTHORITY, Appellant.
In the Matter of 2ND AVE. LIVING ROOM, INC., Respondent, *v.* NEW YORK STATE LIQUOR AUTHORITY, Appellant.

First Department, January 30, 1968.

*Lawrence Kunin* of counsel (*Hyman Amsel,* attorney), for appellant.

*Norman H. Dachs* of counsel (*Charles M. Kagan,* attorney), for Stuart & Stuart, Inc., and others, respondents.

*Norman H. Dachs* of counsel (*Charles M. Kagan,* attorney), for 2nd Ave. Living Room, Inc., respondent.

*Per Curiam.* The petitioners' applications for restaurant liquor licenses, each more than 10 months old, miscarried. The respondent-appellant Authority failed to act upon the local board's approval of the applications because it was engaged in a recall proceeding instituted in August, 1966 affecting the present licensee of the two premises. Mandamus does not lie in the circumstances to compel the respondent to approve the applications. (*Matter of Wager* v. *State Liq. Auth.,* 4 N Y 2d 465.) For that matter, review cannot be had where the respondent has not acted and there is nothing in fact to review. (*Bob's Corked Liqs.* v. *New York State Liq. Auth.,* N.Y.L.J., April 19, 1957, p. 4, col. 8 [Sup. Ct., N. Y. County, DINEEN, J.], affd. 3 A D 2d 1010, mot. for lv. to app. den. 3 N Y 2d 707, app. dsmd. 4 N Y 2d 701.) The very statute creating the Authority provides, however, that it shall render a decision within 30 days after submission of an application to it (Alcoholic Beverage Control Law, § 120). Thus, while mandamus may not lie commanding the respondent to approve or disapprove the applications, it may be directed nevertheless to *decide* the applications (*People ex rel. Francis* v. *Common Council of City of Troy,* 78 N. Y. 33, 39; *Matter of Rochester Gas & Elec. Corp.* v. *Maltbie,* 188 Misc. 39 [BERGAN, J.], affd. 272 App. Div. 162).

The grounds invoked by the Authority for its failure to act upon the applications are inadequate and improper. If the

Authority is bent upon continuing its investigation, it can do so without refusing to pass upon the qualifications of the petitioners, unreasonably denying them in effect their right to judicial review. The investigation of the current licensee, a barrier erected by the Authority a year and a half ago, may not stand in the way of a prompt disposition of petitioners' applications, a disposition dictated by equity as well as by express provision of statute. (*Matter of Brenner* v. *Bruckman,* 253 App. Div. 607; *Matter of Rochester Gas & Elec. Corp.* v. *Maltbie,* 272 App. Div. 162, 166, *supra.*) Accordingly, the orders appealed from should be modified, on the law, with costs and disbursements to appellant in each instance, and the proceedings remanded to the State Liquor Authority which shall make a decision as to each application within 30 days.

STEVENS, P. J., STEUER, TILZER, McGIVERN and McNALLY, JJ., concur.

Order and judgment (one paper) in each of the above-entitled appeals unanimously modified on the law, with $50 costs and disbursements to appellant in each of the above-entitled appeals and the proceedings remanded to the respondent-appellant to make a decision as to each application within 30 days after service upon it of a copy of the orders entered herein with notice of entry.