■　　In the Matter of GLEN COVE MUNICIPAL CIVIL SERVICE COMMISSION, Petitioner, v. GLEN COVE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE et al., Respondents.— Proceeding by the Glen Cove Municipal Civil Service Commission, pursuant to section 298 of the Executive Law, to review an order of the Human Rights Appeal Board of the State of New York, dated November 10, 1969, which modified and, as modified, affirmed an order of the Commissioner of the Division of Human Rights of the State, dated August 19, 1969. The Commissioner's order, as modified and affirmed, directed petitioner (1) to cease and desist from setting forth qualifications to compete for the position of Fire Alarm Dispatcher-Caretaker that have the effect of excluding Negroes and (2) to void the examination for that position held August

17, 1968. The Division cross-moves to enforce the Commissioner's order as modified by the Appeal Board. Petition dismissed and cross motion granted, without costs. Petitioner specified, as a requirement to qualify for the competitive examination of August 17, 1968, that a candidate have at least three years of experience as a volunteer fireman in the Glen Cove Volunteer Fire Department, which to petitioner's knowledge has never had a Negro among its members, numbering 140 at present. At the hearing held by the Division following a complaint filed by respondent Glen Cove National Association For the Advancement of Colored People (N.A.A.C.P.) there was evidence, *inter alia*, that the fire alarm system is completely automated and requires no discretion on the part of the dispatcher, or any special knowledge of the fire fighting equipment or of the geography of the area, and that of all the governmental entities in this State that have examinations for similar positions there is only one which requires fireman experience, and that in that instance it is a promotion examination. Since on the whole record there was substantial evidence to support the finding that petitioner "knowingly excluded all Negoes as a class from competing for fire alarm dispatcher positions", that finding, based on substantial evidence, is conclusive (see Executive Law, § 298; *Matter of Holland v. Edwards*, 307 N. Y. 38, 45; *Matter of Stork Rest. v. Boland*, 282 N. Y. 256, 274). Respondent N.A.A.C.P. was entitled to lodge the complaint as an aggrieved party under the pertinent provisions of the Human Rights Law (see Executive Law, § 292, subd. 1; § 297; *National Assn. for Advancement of Colored People v. Button*, 371 U. S. 415; cf. *Matter of American Jewish Congress v. Carter*, 19 Misc 2d 205, affd. as mod. on other grounds 10 A D 2d 833, affd. 9 N Y 2d 223). Nor does the Division lack jurisdiction simply because the alleged violator is a municipal agency (cf. *Matter of Board of Higher Educ. of N. Y. v. Carter*, 14 N Y 2d 138). The Division did not lose power to act on the complaint herein by failing to determine within 15 days that it had jurisdiction and that there was probable cause. The statutory provision for such speedy processing of complaints (Executive Law, § 297, subd. 2) is to be regarded as merely directory and not as a limitation on the agency's authority (cf. *Matter of Brenner v. Bruckman*, 253 App. Div. 607, app. dsmd. 278 N. Y. 503; *Matter of Rochester Gas & Elec. Corp. v. Maltbie*, 188 Misc. 39, affd. 272 App. Div. 162; *Theatrical Protective Union Local No. 1 v. State Div. of Human Rights*, N. Y. L. J., June 9, 1969, p. 17, col. 1). Christ, P. J., Rabin, Hopkins, Brennan and Benjamin, JJ., concur.