## (February 22, 1972)

■ In the Matter of the Arbitration between STEPHANIE VISCIANO, an Infant, et al., Respondents, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Judgment, Supreme Court, New York County, entered June 25, 1971, unanimously reversed, on the law and the facts, and the matter remanded to Supreme Court, New York County, for hearing anew on the issue of whether the alleged tort-feasor involved in an accident with claimants-respondents was insured, with costs to abide the event. Claimants, insured persons within the meaning of section 601 of the Insurance Law, did not meet the burden of establishing the uninsured status of the tort-feasor involved with them in an accident. The tort-feasor's vehicle bore New Jersey plates. All that was produced at the hearing was a letter from a New Jersey company — rank hearsay — and the testimony of a witness confined solely to the record of one company, of insurance within the City of New York. No attempt was made to ascertain whether the tort-feasor had filed a form MV-104 which might contain the pertinent information. In the circumstances, claimants should be given an opportunity to present a proper quantum of evidence if able to do so. Concur — Markewich, J. P., Nunez, Murphy, Steuer and Capozzoli, JJ.

■ In the Matter of MATTY's W. 49TH ST. REST., INC., Respondent, v. NEW YORK STATE LIQUOR AUTHORITY, Appellant.— Judgment, Supreme Court, New York County, entered on October 14, 1971, unanimously reversed, on the law, without costs and without disbursements, and vacated, and the proceedings remanded to the respondent-appellant to make a final determination on the merits of petitioner's application for approval of a corporate change within 90 days after the service upon it by petitioner-respondent of a copy of the order entered herein, with notice of entry. On the ground that it had not completed its investigation of criminal charges pending against the president and majority stockholder of petitioner, the New York State Liquor Authority, respondent-appellant, disapproved without prejudice petitioner's application for a corporate change which would permit the transfer from the majority stockholder of all of his financial interest in the petitioner to his brother-in-law, without consideration, who would then become the sole stockholder and officer. In this article 78 proceeding, the court at Special Term directed the respondent to approve the corporate change requested. While mandamus does not lie in the circumstances to compel the request to approve the applications, the interest of justice requires a determination on the merits. A final determination may not be withheld for an indefinite period. (*Matter of Stuart & Stuart* v. *New York State Liq. Auth.*, 29 A D 2d 176.) Concur — Stevens, P. J., Nunez, Kupferman, McNally and Capazzoli, JJ.