Arnold L. Fein, J.
This is an application by respondent, operator of a retail department store in Buffalo, New York, to vacate a subpoena duces tecum issued by the State Division of Human Rights (Division).
The National Organization For Women (NOW) has filed a complaint with the Division alleging sex and race discrimination by respondent and requesting the Division to take appropriate remedial action against respondent. The original complaint which alleged sex discrimination was amended to add racial discrimination.
The Division has amended its rules to create a "class action task force pilot project” and has indicated that it intends to proceed with the investigation of respondent store as a pilot project, one purpose of which is to develop a "methodology for future use for in depth investigation”. In the course of the investigation the Division has issued a broad subpoena duces tecum directing production by respondent of payroll and personnel records of 14 departments of respondent’s store and other records reflecting sex, race, color and rates of compensation of respondent’s employees. This is the subpoena sought to be quashed.
Respondent’s application to vacate the subpoena is essentially founded on three grounds: (1) NOW is not an "aggrieved person” with standing to file a complaint with the Division under section 297 of article 15 of the Executive Law (Human Rights Law); (2) the Division has unlawfully amended its rules in order to permit this broad investigation, and (3) NOW is not a representative of Blacks or Spanish surnamed people.
Subdivision 1 of section 297 of the Executive Law states the procedure for filing complaints with the Division: "Any person claiming to be aggrieved by an unlawful discriminatory practice may, by himself or his attorney-at-law, make, sign and file with the division a verified complaint in writing”. (Emphasis added.) Respondent contends that the use of the word "person” in the statute precludes complaints filed by organizations *54 on behalf of persons who feel themselves to be aggrieved and that NOW is neither such person nor authorized to act on behalf of persons allegedly aggrieved. In short, respondent urges that NOW is without standing to file such a complaint with the Division.
The same contention was advanced and rejected in National Organization for Women v State Div. of Human Rights (34 NY2d 416, 419-420):
"[I]t is urged by the respondent that NOW does not have the requisite standing to bring suit because it is not 'Any person claiming to be aggrieved by an unlawful discriminatory practice’. (Executive Law, § 297.) We disagree. It is our view that NOW has the requisite standing to bring this action (see Matter of Glen Cove Municipal Civ. Serv. Comm. v. Glen Code NAACP, 34 AD2d 956).
"NOW is a bona fide and nationally recognized organization dedicated to eliminating discriminatory practices against women. It is clearly not what the United States Supreme Court referred to as a mere 'concerned bystander’ (United States v. SCRAP, 412 U.S. 669, 687). Nor is it relevant that a named plaintiff was not directly refused employment based on sex as a result of the separate listings * * * When legislation proscribes conduct against a class, the complaining party need not allege and specify injured parties * * * The complainant, as here, may be a bona ñde recognized organization representing that class with a specific interest in the litigation in question (see Matter of American Jewish Congress v. Carter, 19 Misc 2d 205, affd. 10 AD2d 833, affd. 9 NY2d 223; Matter of Glen Cove Civ. Serv. Comm. v. Glen Cove NAACP, supra).” (Emphasis added.)
Although that case announced the right of NOW to institute suit, the holding also explicitly recognized its right to file a complaint with the Division. The suit was brought against the Division and a publisher, alleging discriminatory practices by the publisher and the Division’s dismissal of NOW’s complaint against the publisher. The court directed that the matter be remanded to the Division to entertain the complaint.
It cannot be disputed that the ultimate purpose of the investigation instituted by the Division against respondent is to determine whether, as alleged, respondent engages in discriminatory practices against women, Blacks and Spanish surnamed persons, with respect to hiring, firing, promotion *55 and compensation. Section 296 (subd 1, par [a] of the Executive Law provides that it is a discriminatory practice for an employer to discriminate in terms, conditions or privileges of employment by reason of race, sex or color. The Division was created to investigate the existence of such practices and to take such action as is necessary to compel their termination. The appropriate procedure is by investigation based on complaints made to the Division (Gaynor v Rockefeller, 15 NY2d 120, 132). It follows that NOW has standing to file the complaint under review with the Division and that the Division has power to investigate on the basis of such complaint.
Equally without merit is respondent’s contention that the Division has unlawfully amended its rules in order to permit this broad investigation. The power of the Division to amend its rules and regulations is set forth in subdivision 5 of section 295, authorizing the Division to "adopt, promulgate, amend and rescind suitable rules and regulations”. Subdivision 6 of section 295 empowers the Division "to initiate investigations and studies to carry out the purposes of’ the law. The amendment of the Division’s rules to create a "class action task force pilot project” and its announced purpose to use this investigation as a pilot project to develop a methodology for future use was within its power. Basically, the complaint against respondent is that it engages in unlawful discriminatory action. The Division is empowered to investigate such action and to compel remedial steps. The fact that its investigation may serve other purposes and that the unit assigned to investigate may have been given a misnomer and additional duties is irrelevant. What is here involved is a complaint by an organization now held to have standing, alleging unlawful discriminatory practices. Perhaps a more appropriate name for the unit would be "class complaint.” Whatever the name and whatever the branch of the Division designated to make the investigation, the purpose is within the purview of the Division’s power. Equally irrelevant is respondent’s contention that the subpoena should be quashed because NOW and the Division chose to proceed against respondent and not five other department stores against whom similar complaints have been filed. The fact that the Division is proceeding on a case-by-case basis in its investigation and in developing its procedures is neither discriminatory nor arbitrary.
The power of the Division to issue subpoenas duces tecum is clear (Executive Law, § 295, subd 7). The subpoena issued is no *56 broader than the statutory powers conferred upon the Division and is valid in all respects.
It is not necessary to determine whether NOW is a representative of Blacks or Spanish surnamed people so as to permit it to include in its complaint allegations of discrimination against such persons. Since the power of the Division to investigate such practices is beyond challenge, no such parochial limitation is appropriate.
Accordingly, the application of petitioner is dismissed.