Joseph P. Kuszynski, J.
In this article 78 proceeding, petitioners seek to modify and set aside a determination made by respondent officials of the State Department of Environmental Conservation (DEC) on July 7, 1977 certifying a portion of a proposed subdivision situated in the Town of Hamburg, as freshwater wetlands. Respondents are cross-moving to dismiss the petition.
Petitioners propose to develop a subdivision known as "Buttermilk Falls” in Lakeview, Town of Hamburg, which eventually will include approximately 612 single-family homes. It will have two lakes, recreational lands, streets, utility service and sewage disposal. They further allege that the Town of Hamburg has given zoning approvals, Erie County has given all necessary approvals including sewer construction and sewer tie-in, and the State has also given all approvals except *40 for the untimely objections posed by the Department of Environmental Conservation which is the basis of this litigation.
In the moving papers petitioners narrate how the subdivision in issue has been in the planning stage for almost three years; that notice was given to some 18 Federal and State governmental groups including DEC and no agency, including DEC "expressed any concern or voiced any disapproval over the Buttermilk Falls Subdivision”. They recite that after final approval was given by the Erie and Niagara County Regional Planning Board on November 4, 1976, petitioners obtained loan commitments and "spent thousands of dollars to engineer and illustrate the proposed sewer and utility systems”, as article 17 of the Environmental Conservation Law (ECL) requires DEC’S approval for all new sewer construction.
Petitioners contend DEC had approved the sewer construction and thereafter "discussions were commenced with DEC in early 1977 to be sure it had the plans and information necessary to stamp the plans 'approved’ as required by law so that the construction could begin promptly with the commencement of the 1977 construction season”.
During these discussions representatives of DEC suggested some of the land upon which the subdivision was planned might be a "Freshwater Wetland” under ECL article 24. Thereupon petitioners, pursuant to ECL 24-0703 (subd 4), made an inquiry on March 13, 1977. That subdivision reads: "the department shall reply to all inquiries as to whether or not a given parcel of land will be designated a freshwater wetland subject to regulation and give a definite answer in writing as to whether it will or will not be so designated such within thirty days of such request”. (Emphasis added.)
Petitioners aver that when the 30 days have passed and no answer was given they continued to provide "DEC with engineering information it had requested to enable it to approve the plans”. On July 1, 1977 when petitioners requested the Buffalo DEC office to issue the promised sewer construction permit, respondent, Ralph Manna, Jr., Regional Permit Administrator, expressed an opinion that part of the proposed subdivision was on freshwater wetland and on July 7, 1977, respondent Manna, Jr., so informed the petitioners in writing. In a concurrent determination by respondent W.M. Friedman, Regional Director, the permit request was denied for sewer construction at the subdivision site because of the wetland determination.
*41 The sole area of contention between the parties is whether or not the State had to respond to petitioners within 30 days of their application to the DEC.
Petitioners urge that the DEC has not acquired jurisdiction concerning the wetland declaration, since it did not reply within 30 days as is required under the statute. DEC maintains on the other hand, that the statutory language that "The department shall reply * * * and give a definite answer in writing * * * within thirty days” is merely a directive and does not preclude the department from answering at a later date.
In determining whether a statute limiting time within which an act may be done or a decision made by a public body is mandatory or discretionary, a court must consider the whole statute, and will uphold the power of the body to act after expiration of time limited unless the statute as a whole requires the conclusion that time itself is a matter of such controlling importance in the statutory purpose that the authority ends at the nomination time or that the delay works a substantial prejudice. (Matter of Rochester Gas & Elec. Corp. v Maltbie, 188 Misc 39, affd 272 App Div 162.)
The fact is indisputable that the written reply was not made within the prescribed 30 days but within 111 days after petitioners requested a determination of the wetlands status.
Considering the lengthy and costly preparations undertaken by petitioners to develop the subdivision, one can easily sympathize with the position they find themselves in because of the cavalier handling of their freshwater wetland inquiry by respondents, especially since it was intimated by respondent Manna as early as January, 1977, that the subdivision lands may be so affected.
To bring the petitioners’ subdivision within the wetlands restriction, it was incumbent upon the respondents to act within the statutorily mandated time of 30 days to make a property designated as a freshwater wetland subject to regulation.
This court concludes that due to the untimely written response of the Department of Environmental Conservation after inquiry, petitioners’ application for exclusion from the wetland regulations be deemed approved. No reason was given by the respondents for its tardiness. The petitioners would be greatly prejudiced otherwise because they had invested consid *42 erable sums of money in the Buttermilk Falls Development since March 13, 1977. (See State Div. of Human Rights v Board of Educ., 53 AD2d 1043; Burns v Meister, 141 App Div 674.)
Furthermore, a bill presently before the Governor for his signature makes provision that in matters of application to the DEC, an applicant may give notice of a failure to respond upon it and if no action is forthcoming within five working days, the application for exclusion shall be deemed approved. It is evident that the legislative intent is to strengthen its previously mandatory language so as to prevent a misinterpretation as nearly occurred in the situation before us. Thus, the Legislature has shown that the designation of time was intended as a limitation of the power of the DEC. (Matter of Rochester Gas & Elec. Corp., supra; People v Allen, 6 Wend 486; Matter of Brenner v Bruckman, 253 App Div 607.)
As for the sanitary sewer permit, it is clearly apparent that the wetlands determination made here was also the sole basis upon which the permit was denied.
Finally, respondent claims if its motion to dismiss is denied that the court must grant it leave to answer pursuant to CPLR 7804 (subd [f]). However, since respondents admit that the basic issue for determination is the 30-day requirement for its response of ECL 24-0703, and since respondents have been given a full opportunity to argue and develop this issue before this court and submitted a legal brief on the construction of the statute, this issue has been joined and this court considers respondents have waived their right to answer. (Board of Educ. v City of Buffalo, 57 Misc 2d 472, affd 32 AD2d 98.) To allow a duplicative answer would only cause unwarranted delay and inflict greater economic harm upon the petitioners.
Submit order setting aside the freshwater wetland determination as applied to petitioners and directing respondents to issue the sewer construction permit for the "Buttermilk Falls” subdivision.