■ In the Matter of ALICE D. MAGRO, Respondent, v GORDON M. AMBACH, as Commissioner of the New York State Education Department, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term

(Torraca, J.), entered November 3, 1982 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel the issuance of a license by respondent authorizing petitioner to practice as an ophthalmic dispenser in the State of New York. Petitioner is an applicant for a license to practice ophthalmic dispensing in the State of New York. She accordingly took the professional licensing examination and was subsequently notified on or about November 12, 1981 that she had passed the examination. This is the initial requirement an applicant must meet before being licensed. In addition, the applicant must satisfy the statutory requirement of "good moral character" (Education Law, § 7124, subd [7]). In a letter dated May 12, 1982, pursuant to the provisions of 8 NYCRR 28.4, petitioner was notified by respondent New York State Board for Ophthalmic Dispensing that there was a "substantial question" as to whether she met this requirement, and that she had a right to a hearing on the matter. By letter dated June 2, 1982, petitioner requested a hearing. Thereafter, prior to the scheduling of a hearing by respondents, petitioner commenced the instant CPLR article 78 proceeding on July 12, 1982 seeking licensure. Special Term granted petitioner's application, ordering respondent Commissioner of Education to issue a license as an ophthalmic dispenser to petitioner. This appeal ensued. In the instant proceeding, petitioner seeks an "[o]rder compelling the Commissioner of Education to issue a license to [the petitioner] as an ophthalmic dispenser". Since all parties agree that the issuance of an ophthalmic license involves the exercise of discretion on the part of respondent, mandamus does not lie to compel respondents to approve the application where, as here, respondents have not as yet rendered a final determination (*Matter of Stuart & Stuart v New York State Liq. Auth.*, 29 AD2d 176). For that matter, there is no determination to review (*id.*). Respondents' own regulations, however, provide that if, as in the instant case, the applicant requests a hearing concerning "good moral character", a hearing must be scheduled within 30 days of receipt of such notice (8 NYCRR 28.4). In this case, respondents failed to schedule the hearing within the required period of time. Accordingly, while this proceeding may not lie to compel respondents to issue a license, respondents may be directed to promptly schedule a hearing (*id.; see, also, Matter of Matty's W. 49th St. Rest. v New York State Liq. Auth.*, 38 AD2d 815). If it is determined after a hearing that petitioner's license should be denied, petitioner could commence a new CPLR article 78 proceeding to review that determination (see *Matter of Hamptons Hosp. & Med. Center v Moore*, 52 NY2d 88, 94-97; cf. 8 NYCRR 28.6). Accordingly, the judgment should be reversed and the matter remitted to respondents for a hearing in accordance with 8 NYCRR 28.5. Judgment reversed, on the law, without costs, and matter remitted to respondents for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Casey, Mikoll and Weiss, JJ., concur.