BURKE'S AUTO BODY, INC., Respondent, v ANTHONY R. AMERUSO, as Commissioner of the Department of Transportation of the City of New York, Appellant.

First Department, December 3, 1985

### APPEARANCES OF COUNSEL

*Kenneth Reiss* of counsel *(Giamboi, Reiss & Squitieri,* attorneys), for respondent.

*Helen P. Brown* of counsel *(June A. Witterschein* with her on the brief; *Frederick A. O. Schwarz, Jr., Corporation Counsel,* attorney), for appellant.

### OPINION OF THE COURT

KASSAL, J.

Petitioner had submitted a bid on contract T83-142/AT, to perform emergency tow and repair service on the Bruckner Expressway from Balcom Avenue to the New England Thru-

way, New England Thruway from Pelham Parkway to the city line and the Throggs Neck Expressway from the Cross-Bronx Expressway Extension to the Bruckner Expressway. The sealed bids were opened on December 27, 1982. Petitioner, which had apparently submitted the only bid, was thereafter immediately notified to complete personal and business questionnaires and to appear at a hearing on January 11, 1983 to inquire as to its experience and qualifications to perform under the contract. Following the hearing, respondent conducted a continuing physical inspection and investigation of petitioner's equipment, personnel and facilities, as a result of which, petitioner claims that it expended thousands of dollars to qualify and maintain a state of readiness to perform. No award was made, however, for a period of one year and seven months and, on July 16, 1984, respondent elected to submit the contract for new bids. Following inquiries by petitioner and others on its behalf as to the reason the contract had not been awarded, respondent was advised that the city had determined that it was in its best interests to revise and improve specifications and rebid the contract since "the specifications may have lacked clarity."

This CPLR article 78 proceeding was commenced to compel the awarding of the contract, with the respondent, in opposition, alleging in conclusory and vague fashion that "the contract specifications *may have excluded competition* from other potential bidders" (emphasis added). Special Term granted the application, finding the opposing papers insufficient in failing to set forth in what respects the bid specifications lacked clarity or excluded other potential bidders. As a result, the court held that the city's defense was insufficient to conclude that there was a rational basis for the decision to rebid the contract.

General Municipal Law § 103 (1), which requires a contract be awarded "to the lowest responsible bidder", does authorize the officer, board or agency "in his or its discretion," to reject all bids and readvertise the contract. New York City Charter § 343 (b), likewise accords the agency discretion to reject all bids "if it shall deem it for the interest of the city so to do". This statutory and charter authorization, however, is not unlimited. It must be demonstrated that there was a rational basis for the decision to reject all bids. (*Matter of Delta Chem. Mfg. Co. v Department of Gen. Servs.,* 81 AD2d 507, 508.)

Here, as found by Special Term, the record is palpably insufficient to conclude that there was a rational basis for the

decision to readvertise for new bids, particularly considering the inordinate period of time involved, during which respondent actively conducted a continuous investigation into petitioner's qualifications and finances, necessitating an expenditure of substantial funds by petitioner in preparation for the award of a contract. The first and only explanation offered by respondent was 19 months after the opening of bids and consisted of a general statement that the bid specifications may have lacked clarity or somehow excluded competition. This was insufficient and may not be corrected by the explanation dehors the record, offered by appellant for the first time on this appeal.

The recent decision of the Court of Appeals in *Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.* (66 NY2d 144) is not to the contrary. In that case, the court sustained the determination by MTA and NYCTA to reject all bids submitted on a public works project and to readvertise the contract, a decision reached to obtain lower contract prices on a second round of bidding since each of the initial bids had exceeded the estimated cost of the project. Petitioner in that case was immediately so informed and that all bids might be rejected. The court found this to constitute (p 149) "a reasonable, bona fide ground * * * and serves the public's interest in the economical use of public moneys." While the agency may readvertise for new bids "where good reason exists", its power to do so "may not be exercised arbitrarily or for the purpose of thwarting the public benefit intended to be served by the competitive process *(Matter of Fischbach & Moore v New York City Tr. Auth.* [79 AD2d 14, *lv denied* 53 NY2d 604] *supra; Carucci v Dulan,* 24 AD2d 529)." *(Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth., supra,* p 149). In our case, however, no rational basis was given for the decision to readvertise the contract and petitioner was never advised of the reason.

Nevertheless, Special Term abused its discretion in directing respondent to award the contract to petitioner. In an article 78 proceeding, the judicial function is limited to the review of the propriety of the determination in terms of whether the administrative body acted in an arbitrary or capricious manner. The court's jurisdiction is restricted by CPLR 7803 and does not afford *"original* jurisdiction to direct the manner in which an administrative agency shall perform its functions." *(Matter of Rocco v Board of Trustees,* 98 AD2d 609, 610.) While the court is empowered to determine whether the

administrative body acted arbitrarily, it may not usurp the administrative function by directing the agency to proceed in a specific manner, which is within the jurisdiction and discretion of the administrative body in the first instance.

The appropriate procedure, upon a finding that the agency acted arbitrarily, is to remand the matter to the administrative agency for further proceedings in accordance with the opinion. *(See, Matter of Berger v Walsh,* 291 NY 220, 222-223; *Matter of Ahsaf v Nyquist,* 37 NY2d 182, 186; *Rob Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874, 875-876; *see also, Matter of Stuart & Stuart v New York State Liq. Auth.,* 29 AD2d 176, 177; *Matter of Matty's W. 49th St. Rest. v New York State Liq. Auth.,* 38 AD2d 815.)

Accordingly, the judgment, Supreme Court, Bronx County (Maurice W. Grey, J.), entered November 7, 1984, which granted the petition and annulled respondent's determination to rebid the contract, directing respondent to award the contract for emergency tow and repair service to petitioner, should be modified, on the law, to strike the second decretal paragraph of the judgment, and, in lieu thereof, the matter should be remanded to respondent for further proceedings consistent herewith, and, as so modified, should otherwise be affirmed, without costs or disbursements.

ASCH, J. P., FEIN, MILONAS and ELLERIN, JJ., concur.

Judgment, Supreme Court, Bronx County, entered November 7, 1984, unanimously modified, on the law, to strike the second decretal paragraph of the judgment, and, in lieu thereof, the matter remanded to respondent for further proceedings consistent with the opinion herein by Kassal, J., and, as so modified, otherwise affirmed, without costs and without disbursements.