■ DANIEL J. LIPSMAN, Respondent, v NEW YORK CITY BOARD OF EDUCATION et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the appellants to issue the petitioner a per diem teaching certificate, the appeal is from a judgment of the Supreme Court, Kings County (Hurowitz, J.), dated February 2, 1987, which granted the petition.

Ordered that the judgment is reversed, without costs or disbursements, and the matter is remitted to the Board of Examiners of the Board of Education of the City of New York for further proceedings on the petitioner's administrative appeal, in accordance herewith.

The petitioner was denied a temporary per diem teaching certificate because of an "unsatisfactory physical and medical examination". Along with his denial notice he received forms which advised him that he could file an appeal by sending to the Board of Examiners of the Board of Education of the City of New York a statement detailing the grounds for his appeal accompanied by letters from two physicians supporting his position.

Instead of appealing to the Board of Examiners, he com-

menced this proceeding seeking, *inter alia,* to compel the appellants to issue him a per diem teaching certificate. The appellants argued in opposition that the petitioner had not exhausted his administrative remedies.

While the record is not entirely clear, it appears that as a result of the court proceedings the Board of Examiners of the Board of Education of the City of New York began a review of the petitioner's case. In an order dated September 22, 1986, the Board of Examiners was directed to complete its administrative review of the petitioner's appeal within 60 days, and the petitioner was directed to submit supporting letters from his doctors within 30 days. When the petitioner failed to submit letters in the appropriate form, the court subpoenaed his medical records from his treating physicians.

In a letter dated December 17, 1986, the Board of Examiners notified the petitioner that his appeal had been sustained to the extent of granting him a "continued medical examination". He was subsequently notified that an examination had been arranged for January 12, 1987.

Rather than submit to the medical examination, the petitioner sought relief from the court, and in a judgment dated February 2, 1987, the Board of Examiners was directed to issue the petitioner a temporary per diem teaching certificate. The Supreme Court, Kings County, found that the initial decision to deny the petitioner a per diem teaching certificate was arbitrary and capricious because the Board of Examiners had attempted to gather "additional medical testimony" during the appellate procedure.

The Supreme Court apparently assumed that in determining an appeal, an administrative agency, like an appellate court, is limited by the record on appeal *(see, Di Blasi v Caldara,* 123 AD2d 738). Such a proposition has no support in the record or in case law. Moreover, the determination directing the appellants to issue the petitioner a temporary per diem certificate was an abuse of discretion. "While the court is empowered to determine whether the administrative body acted arbitrarily, it may not usurp the administrative function by directing the agency to proceed in a specific manner, which is within the jurisdiction and discretion of the administrative body in the first instance" *(Burkes Auto Body v Ameruso,* 113 AD2d 198, 200-201).

The record reveals absolutely no evidence that the initial decision to deny the petitioner a per diem teaching certificate was arbitrary or capricious and in fact indicates that the

decision was based on substantial evidence. In sustaining the petitioner's appeal to the extent of granting him a continued medical examination, the Board of Examiners afforded the petitioner the sole relief provided for in its bylaws. Therefore, the judgment appealed from should be reversed, and the matter remitted to the Board of Examiners so that the petitioner may undergo the additional medical examination granted him on his administrative appeal. Lawrence, J. P., Weinstein, Kooper and Sullivan, JJ., concur.