OPINION OF THE COURT
Paul E. Cheeseman, J.
The petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of the respondent terminating the petitioner’s employment as a New York State Trooper.
The petitioner was charged with misconduct under Civil Service Law § 75 and removed as a State Trooper. The charges amount to stealing money being collected from State Police members and civilian employees for the benefit of a correction officer whose family had been killed in an accident.
*1049 The petitioner asserts that the respondent engaged in an unconstitutional search of his locker where dye-stained evidence of the theft was discovered. The petitioner also asserts that he was duped into admitting the charges in return for a promise of a censure and that the punishment imposed is excessive.
The constitutional challenge to the warrantless search and seizure is not a proper CPLR article 78 proceeding, but more properly a declaratory judgment action. We shall in our discretion treat this petition as a hybrid combination of a proceeding pursuant to CPLR article 78 and an action for declaratory judgment (see, Matter of Kovarsky v Housing & Dev. Admin., 31 NY2d 184, 191-192; Matter of Heimbach v Mills, 54 AD2d 982).
The analysis of any search and seizure claim, and corresponding application of the Fourth Amendment’s Warrant Clause, must begin with the threshold determination of whether the subject of the search possesses a reasonable expectation of privacy in the area and items to be searched (Rakas v Illinois, 439 US 128, 143; People v Ponder, 54 NY2d 160; Matter of Glenwood TV v Ratner, 103 AD2d 322).
Although an employee has a legitimate expectation of privacy in the workplace (People v Herman, 144 AD2d 485) it has been held that special needs associated with public employment allow for searches of public employees’ offices, desks and effects without full compliance with warrant requirements (see, O’Connor v Ortega, 480 US 709; New Jersey v T.L.O., 469 US 325).
It is our opinion that the respondent’s search of petitioner’s locker did not violate the Fourth Amendment under the reasonable circumstances of the instant proceeding.
Petitioner also makes reference that his admissions to his lieutenant should not have been used against him or in the alternative mitigated against his dismissal (see, Matter of Chaipis v State Liq. Auth., 44 NY2d 57).
The crux of this case revolves around petitioner, a New York State Trooper, who admitted that he misappropriated funds designated for the needs of a correction officer’s family that had suffered an accident. Petitioner after his admission was dismissed from the force. We cannot say as a matter of law that the decision to terminate the petitioner was either arbitrary or capricious (Lipsman v New York City Bd. of Educ., 133 AD2d 810).
*1050 Lastly we cannot say that the punishment of termination was excessive, considering the seriousness of the charge (Matter of Rauer v State Univ., 159 AD2d 835, 837). The petition is in all respects denied.