■ In the Matter of DAWN BRIDGER, Petitioner, v NEW YORK STATE OFFICE OF VOCATIONAL AND EDUCATIONAL SERVICES FOR INDIVIDUALS WITH DISABILITIES et al., Respondents. [630 NYS2d 403] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondents which partially denied petitioner's request for additional vocational rehabilitation services.

Petitioner injured her spine in September 1989 at the age of 42, rendering her a quadriplegic. She has no functional use of her legs and hands, although she has some use of her arms. She had been employed as a payroll clerk by the Cooperstown Central School District prior to the accident.

In December 1989, petitioner applied to respondent Office of Vocational and Educational Services for Individuals with Disabilities (hereinafter VESID) for, *inter alia*, funding for modifications to her residence, a single-family house located in a rural area, to allow her to live there independently. An architect prepared plans for the requested modifications includ-

ing two ramps: a short ramp approximately a foot off the ground leading to the front door, and a long ramp, protected by a roof, stretching around the side of the house to the back door.

After it became apparent that the proposed modifications would exceed the $7,500 cap on VESID home modification funding for an individual client, petitioner requested and was granted a waiver of the $7,500 cap. Subsequently, in April 1991, before the proposed modifications were completed, petitioner sought to have VESID fund additional modifications to the house's bedroom, kitchen, driveway and sidewalk area. Additionally, petitioner requested VESID to buy her a computer, furnish her with a ceiling-mounted bed lift and fund the enlargement of the outside entrance to her kitchen from the back deck.

In July 1991, Frank Pennisi of the Southern Tier Independence Center visited petitioner's home and, in his report, concluded that the side ramp leading to the back door and many of the bathroom modifications were inadequate and did not meet the standards promulgated by the American Standards Institute (hereinafter ANSI), an organization that promulgates model standards for, *inter alia*, the construction of building modifications to facilitate access and use by disabled persons. Pennisi listed 22 modifications for petitioner's already modified house.

Petitioner and VESID failed to negotiate an agreement on the modifications and petitioner then sought an administrative hearing to review VESID's refusal of her requests and to obtain an order requiring VESID to fund the, by then, 24 requested modifications to her house. Following a hearing held before a Hearing Officer, the Hearing Officer issued a decision approving several of petitioner's requests, including modifications to the bathroom, living room and back entrance way. The Hearing Officer, however, denied petitioner's requests for, *inter alia*, a carport with rain gutters, subflooring for the living room, an emergency exit ramp and new low-pile carpeting for the living room. Importantly, the Hearing Officer also denied petitioner's request to reconstruct petitioner's ramp leading to her back door so as to provide handrails that comply with ANSI specifications. The Hearing Officer conceded that the ramp did not meet ANSI's specifications, but concluded that due to petitioner's paralysis she would never be able to use the handrails, and further opined, "Therefore the ramp may not adhere to ANSI standards but to reconstruct the ramp for the sole purpose of adherence to standards without functional use seems without purpose."

Respondent Deputy Commissioner of VESID denied petitioner's application for administrative review of the Hearing Officer's decision (*see*, 8 NYCRR 247.3 [n], [o], [p]). Petitioner then instituted this CPLR article 78 proceeding in Supreme Court which was transferred here pursuant to CPLR 7804 (g).

Petitioner's argument, that the Hearing Officer's determination was affected by an error of law (*see*, CPLR 7803 [3]; *see also, Matter of Pell v Board of Educ.*, 34 NY2d 222, 231) based on the ruling that building construction funded by VESID need not conform with the standards promulgated by ANSI in cases where such conformance would serve no useful purpose, is persuasive. The determination should be annulled and the matter remitted for further proceedings not inconsistent herewith.

Pursuant to title I of the Federal Rehabilitation Act of 1973, as amended, New York established VESID to disperse Federal funds to handicapped persons for the purpose of furnishing vocational rehabilitational services (*see*, 29 USC §§ 720, 721; *see also*, Education Law § 1001 *et seq.*; 8 NYCRR parts 246-248). VESID's policy No. 1340.00 provides that "[a]ll recommendations for modifications made by the evaluator must be in compliance with ANSI * * * standards and [must] also comply with local ordinances and building codes". Similarly, the State Uniform Fire Prevention and Building Code provides that construction to accommodate handicapped individuals is required to conform to ANSI standard No. A1171.1 (*see*, 9 NYCRR 1250.3). Thus, while one of the two existing ramps was constructed with only one handrail on the outside edge because the inside edge was flush with the house and while this design apparently sufficed for the safety and use of this particular petitioner, it was clearly in violation of the specifications promulgated in ANSI standard No. A117.1 which require handrails on either side of an access ramp.

Respondents' claim that a "reasonableness standard" should be read into decisions of VESID, suggesting that substantial compliance with ANSI standards should be deemed adequate when strict compliance with ANSI would serve no practical purpose in a particular client's circumstance, is rejected. Absent statutory or case law authority for respondents' contention, strict adherence must be given to previously determined acceptable standards of construction for the disabled such as those promulgated by ANSI. As the Hearing Officer's conclusion that construction funded under VESID need not comply with applicable ANSI standards if such compliance would serve no useful purpose in the circumstance of the particular dis-

abled individual is contrary to VESID's own policy, annulment is required and the matter should, accordingly, be remitted to respondents (*see, Burke's Auto Body v Ameruso*, 113 AD2d 198).

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.