Mugglin, J.
Appeals (1) from a judgment of the Supreme Court (Sheridan, J.), entered March 25, 2002 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied petitioners’ motion to hold respondents in civil contempt, and (2) from a judgment of said court, entered March 25, 2002 in Albany County, which dismissed petitioners’ application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Governor’s Office of Employee Relations denying petitioners’ out-of-title grievances.
When this case was previously before us (271 AD2d 738 [2000]), we reversed Supreme Court’s judgment dismissing the petition because we found no rational basis in the record to support respondents’ conclusion that petitioners were not performing out-of-title work. We concluded by stating, “determination annulled and .petition granted” (id. at 740). As a result, petitioners (who were being compensated at salary grades 14 and 17, but who sought to be compensated at grade 25) assert that our decision granted them this relief, that respondents should be held in civil contempt for not paying them at grade 25, and that respondents were without authority to make any further determination concerning petitioners’ salary grade level.
Petitioners’ argument is inconsistent with the rationale of *645 our prior decision and contrary to the well-established rule that our powers of review do not include substituting our judgment for that of the administrative agency (see Matter of Skorin-Karpov v State Univ. of N.Y. at Stony Brook, 281 AD2d 632, 633 [2001], lv denied 96 NY2d 720 [2001]; Matter of Bridger v New York State Off. of Vocational & Educ. Servs. for Individuals with Disabilities, 218 AD2d 850, 852 [1995]; Matter of McCormack v Posillico, 213 AD2d 913, 914 [1995]; Burke’s Auto Body v Ameruso, 113 AD2d 198, 200-201 [1985]). We did not intend to “usurp the administrative function by directing the agency to proceed in a specific manner, which is within the jurisdiction and discretion of the administrative body in the first instance” (Burke’s Auto Body v Ameruso, supra at 201). The administrative body not having made a determination that salary grade 25 was appropriate, it cannot be successfully argued that we reviewed and approved granting petitioners’ back pay at grade 25. The effect of our decision was to annul the original determination and remit the issue to the agency for further proceedings. Under these circumstances, we are unpersuaded by petitioners’ attempt to hold respondents in civil contempt. No unequivocally clear order ever existed by which petitioners were entitled to be compensated at salary grade 25 and, therefore, it was not violated by respondents (see Judiciary Law § 753 [A] [3]; CPLR 5104; Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO [State of New York], 273 AD2d 668, 671 [2000]; Matter of Council 82, AFSCME, AFL-CIO [Campbell], 268 AD2d 859, 861 [2000]).
As a substantive matter, petitioners also argue that the new determination to compensate them at salary grade 17 is arbitrary and capricious and without adequate support in the record. We cannot agree. Petitioners’ duties as Treatment Plan Coordinators were reviewed and compared to various classified positions to determine which they most closely resembled. It was determined that their duties most closely resembled those of a Social Work Assistant 3, salary grade 17, whose duties include summarizing patient history and background, interviewing patients to prepare case histories, proposing treatment plans, working with various disciplines to plan revised treatment programs and presenting information to various staff members. According due deference to such determination (see Matter of Dolan v New York State Dept. of Civ. Serv., 304 AD2d 1037, 1039 [2003]; Matter of Save the Pine Bush v Planning Bd. of City of Albany, 298 AD2d 806, 808 [2002]), we find that the determination is not arbitrary, capricious or without support in the record.
Cardona, P.J., Crew III, Rose and Kane, JJ., concur. Ordered that the judgments are affirmed, without costs.